## BASSING *v.* CADY.

ERROR TO THE SUPERIOR COURT OF THE STATE OF RHODE ISLAND.

No. 426.　Argued January 8, 1908.—Decided February 24, 1908.

On appeal or writ of error to this court, papers or documents used in the court below cannot in strictness be examined here unless by bill of exceptions or other proper mode they are made part of the record.

The mere arraignment and pleading to an indictment does not put the accused in judicial jeopardy, nor does the second surrender of the same person by one State to another amount to putting that person in second jeopardy because the requisition of the demanding State is based on an indictment for the same offense for which the accused had been formerly indicted and surrendered but for which he had never been tried.

One charged with crime and who was in the place where, and at the time when, the crime was committed, and who thereafter leaves the State, no matter for what reason, is a fugitive from justice within the meaning of the interstate rendition provisions of the Constitution, and of § 5278, Rev. Stat., and this none the less if he leaves the State with the knowledge and without the objection of its authorities.

THE facts are stated in the opinion.

*Mr. Edward D. Bassett* for plaintiff in error:

The plaintiff in error is not a fugitive from justice within the meaning of Art. IV, § 2, Const. of the U. S. and § 5278, Rev. Stat. *Dennison* v. *Kentucky,* 24 How. 66; *Robb* v. *Connolly,*

111 U. S. 624; *Ex parte Reggel,* 114 U. S. 642; *Roberts* v. *Reilly,* 116 U. S. 80; *Streep* v. *United States,* 160 U. S. 128; *Hyatt* v. *New York,* 188 U. S. 691; *Munsey* v. *Clough,* 196 U. S. 364; *Pettibone* v. *Nichols,* 203 U. S. 192; *Appleyard* v. *Massachusetts,* 203 U. S. 222; *Illinois* v. *Pease,* 207 U. S. 100.

The plaintiff in error is not a fugitive from justice as this court has defined the term in the foregoing decisions.

He has afforded an opportunity to the State of New York to prosecute him for his alleged offense, being returned on former extradition proceedings, and has been within the jurisdiction of that State several times since the commission of his alleged offense was known. *In re Kingsbury,* 106 Massachusetts, 223, 227.

He has complied with the purpose and spirit of the Constitution and statute, and his continued residence in Rhode Island should be protected from action on the part of the State of New York branding him as a fugitive from justice. *Appleyard* v. *Massachusetts, supra; Illinois* v. *Pease, supra.*

If a person can be extradited twice for the same offense, he can also be extradited a hundred times for the same alleged offense. Each time he is put to great expense, humiliation, and deprived of his liberty, and certainly the provisions of the constitution and statute referred to in this case do not contemplate that a citizen of another State shall be harrassed and persecuted by successive extradition proceedings after he has been returned to the demanding State on the first request to answer the charges made against him.

His delivery to the State of New York on the first extradition warrant gave the demanding State rightful possession of his person, and it could lawfully subject him to criminal process for the offense charged. *Streep* v. *United States,* 160 U. S. 128; *Bruce* v. *Rayner,* 62 C. C. A. 501, 504.

And the State of New York could then have prosecuted him for that or any other offense it had against him, or acted toward him as it saw fit. *Lascelles* v. *Georgia,* 148 U. S. 537.

The State of New York, however, saw fit to discharge the

plaintiff in error, and thereby he ceased to be a fugitive from its justice for that particular offense.

Leaving the State of New York with express assent and knowledge of its authorities negatives the fact that he is a fugitive from justice. *In re Todd* (S. Dak., 1900), 81 N. W. Rep. 637; *Senator Patterson's case,* cited in Moore on Extradition, § 569.

*Mr. J. Jerome Hahn* for defendant in error:

The law is clearly to the effect that the number of extraditions which may be issued is in the discretion of the executive, the sole requirement for interstate extradition being simply that having committed a crime within a State the person whose surrender is sought has left the jurisdiction of the demanding State and is found within the territory of another State when it is sought to subject him to criminal process. *Roberts* v. *Reilly,* 116 U. S. 80; *Appleyard* v. *Massachusetts,* 203 U. S. 222; *Illinois* v. *Pease,* 207 U. S. 100; 2 Moore on Extradition, 933; *In re White,* 45 Fed. Rep. 239.

As to the third assignment of error, it raises no Federal question; the question was not raised in the petition for the writ of *habeas corpus,* or at the hearing thereon before the Governor of Rhode Island, or the Superior Court and is without merit in fact. The requisition for extradition states that because Bassing was a fugitive from justice, the Governor of New York requested his extradition, which fact was necessarily proven to the Governor of Rhode Island and found by him to be a fact before he issued the warrant, which under no procedure known to counsel, need contain further findings of fact than are therein set forth. The issuing of the warrant is in effect a finding that the authorities of the demanding State have proven the facts set forth in the requisition, and it is in the usual form.

Mr. Justice Harlan delivered the opinion of the court.

There was some difference of opinion between counsel upon

the question whether certain papers, printed by the defendant, constituted any part of the record which this court could examine upon the present writ of error. While this is not an important matter in view of our conclusion as to the controlling questions in the case it is appropriate to say that, on appeal or writ of error to this court, papers or documents used at the hearing in the court below cannot in strictness be examined here unless they are made part of the record by bill of exceptions or in some other proper mode. For the purposes of our decision we take the case to be substantially as the plaintiff in error insists that it is on the record. He cannot ask more.

The Governor of Rhode Island, on the tenth day of July, 1907, issued a warrant of arrest addressed to the Sheriff of the County of Bristol, in that State, reciting that information had been communicated to him by the Governor of New York that Jacob Bassing (the present plaintiff in error) was charged with the crime of grand larceny, first degree, committed in New York, was a fugitive from the justice of the latter State, and was supposed to be then in Rhode Island; and that the Governor of New York had transmitted to him a copy of an indictment, warrant and other papers, certified by him to be authentic, charging Bassing with the above crime, and demanded his delivery to the agent of New York according to the Constitution and laws of the United States. The warrant of the Governor of Rhode Island commanded the arrest of Bassing and his delivery to the person designated by the Governor of New York to receive and convey him to the latter State to be there dealt with according to law.

Having been arrested under that warrant, and being in the custody of the Sheriff of Bristol County, Bassing sued out the present writ of *habeas corpus* from the Superior Court of Rhode Island. The material part of that petition is in these words: "Your petitioner further shows that he has been extradited at a prior time, to wit, March 12, 1907, on requisition of the Governor of the State of New York for the same offense as is alleged in the present indictment. Your petitioner

further shows that on April 15, A. D. 1907, he was discharged
from custody by the State of New York, to which he had been
extradited, where he was held in custody for the same alleged
offense for which he is now held for extradition, and your peti-
tioner offers to produce in court the warrant under which he is
now held, together with a copy of the indictment for the offense
on which he is now held, it being impossible to procure a copy
of said warrant on the presentation of this petition on account
of the shortness of the time since said warrant has been issued,
and because said Sheriff of Bristol County threatens to immedi-
ately remove said Bassing out of the jurisdiction of this court.
Your petitioner further shows that his detention and imprison-
ment, as aforesaid, is unlawful, in this, to wit: First. That the
warrant of the Governor of Rhode Island and the order for his
delivery to the agent of the State of New York were issued
without authority of law and contrary to the constitution and
laws of the State of Rhode Island, as well as contrary to the
Constitution and laws of the United States [relating to fugitives
from justice], especially § 2, Art. IV, of the Constitution of the
United States, and § 5278 of the Revised Statutes of the
United States, in that your petitioner is not a fugitive from
justice. Wherefore he prays that he may be relieved of said
unlawful restraint and imprisonment, and that a writ of
*habeas corpus* may issue in this behalf, so that your petitioner
may be forthwith brought before this court to do, submit to
and receive what the law may direct."

The sheriff justified under the warrant issued by the Gov-
ernor of Rhode Island.

At the hearing of the case in the Rhode Island court it ap-
peared that the accused was charged by indictment in one of
the courts of New York with the crime of grand larceny, first
degree, committed on the sixth of February, 1907; and that
on the fourteenth of March of that year the Governor of New
York made his requisition on the Governor of Rhode Island,
in due form, for the arrest of Bassing as a fugitive from justice.
That requisition was honored by the Governor of Rhode Island

and Bassing was taken to New York. He was there arraigned and pleaded to the indictment. After one or two continuances the district attorney moved to dismiss the indictment, stating orally as a reason for his action (so Bassing testified in this case), that he had not sufficient evidence to hold the accused. The motion was sustained and Bassing returned to Rhode Island without, so far as the record shows, any objection on the part of the New York authorities. Shortly thereafter a second indictment was found in the New York court against Bassing for the same offense as that charged in the first indictment, and this was made the basis of a second requisition upon the Governor of Rhode Island on the fourteenth of June, 1907. Upon that requisition the Governor of Rhode Island issued the warrant of arrest of which Bassing complained in his present petition for a writ of *habeas corpus.*

The question arises on these facts whether the Governor of Rhode Island was authorized by the Constitution and laws of the United States to issue a second warrant for the arrest of Bassing and his delivery to the agent of New York, such warrant being based upon a second indictment for the same offense as that charged in the former indictment. We have not been referred to nor are we aware of any judicial decision covering this precise question. If the proceedings in the New York court, after the appearance there of the accused under the first requisition by the Governor of that State, had so far progressed, before the dismissal of the first indictment, as to put him in legal jeopardy of his liberty, it might be—but upon that point we forbear any expression of opinion—that the Governor of Rhode Island could rightfully have declined to honor a requisition to meet a second indictment for the same offense. But no such case is presented. The accused had not been put in jeopardy when the first indictment was dismissed. It may have been that the dismissal was because the State was without sufficient evidence at the time to hold the defendant; or there may have been other and adequate reasons for the course taken by the State's attorney. His mere arraignment and pleading

to the indictment did not put him in judicial jeopardy. 1 Wharton's American Cr. Law (6th ed.), 1868, §§ 544, 590, and authorities cited under each section. Suffice it to say, that when the second warrant of arrest was issued by the Governor of Rhode Island the accused had not been tried, nor put on final trial, in New York, nor placed in jeopardy there for the offense with which he was charged in that State. We do not, therefore, perceive any reason, based on the Constitution and laws of the United States, why the Governor of Rhode Island could not honor, as he did, the second requisition of the Governor of New York and issue thereon a second warrant of arrest. It is certain that no right secured to the alleged fugitive by the Constitution or laws of the United States was thereby violated.

The plaintiff in error insists, as one of the grounds of his discharge, that he was not a fugitive from justice. Undoubtedly it was competent for him to show that he was not a fugitive, but he did not establish that fact by evidence. The warrant of arrest issued by the Governor of Rhode Island established *prima facie* the lawfulness of his arrest, and, nothing to the contrary appearing in proof, it was to be taken by the court which heard this case that the accused was a fugitive from the justice of the State in which he stood charged by indictment with crime. So far as the record shows it did not appear by proof that the accused was not in New York at the time the crime with which he was charged was committed. If he was in New York at that time (and it must be assumed upon the record that he was) and thereafter left New York, no matter for what reason or under what belief, he was a fugitive from the justice of that State within the meaning of the Constitution and laws of the United States. These views are in accord with the adjudged cases. *Appleyard* v. *Massachusetts*, 203 U. S. 222, and authorities cited; *Illinois ex rel. McNichols* v. *Pease*, 207 U. S. 100, and authorities cited. He was none the less such a fugitive, within the meaning of the Constitution and laws of the United States, because after the

dismissal of the first indictment he left New York and re-
turned to Rhode Island with the knowledge of or without
objection by the New York authorities.

· The judgment of the state court refusing the discharge of the
accused from custody must be affirmed.

*It is so ordered.*