THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* JULIÁN, DEFENDANT
AND APPELLANT.

Appeal from the District Court of Guayama in a Prosecution
for Carrying Prohibited Weapons.

No. 839.—Decided July 30, 1915.

EVIDENCE—OBJECT PUT IN EVIDENCE—APPEAL.—When an object put in evidence
in the court below is not certified to the appellate court in proper form, the
court has no right or authority to consider it in deciding the case.

ID.—STATEMENT OF CASE—BILL OF EXCEPTIONS.—The secretary of the lower
court has no authority to add to the evidence. It is the judge who must
certify to the facts brought out at the trial and such certificates must take
the form of a statement of the case or bill of exceptions.

ID.—OBJECT PUT IN EVIDENCE—APPEAL.—If instead of describing an object in
the bill of exceptions or statement of the case an appellant desires to send
up the original object, the course he should adopt is set forth in rule 40*b*
of this court.

The facts are stated in the opinion.
The appellant did not appear.
*Mr. Salvador Mestre, fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Lucas Julián was charged with having carried a prohibited weapon. The complaint substantially set up that on October 29, 1914, at 9.45 p. m., in Baldorioty Street, Guayama, Porto Rico, the said defendant illegally, voluntarily and maliciously and for offensive and defensive purposes carried, and there was taken from his person, a club (*garrote*) 33½ x 4 inches. We think it is evident that the four inches alluded to is the circumference and not the diameter of the club or *garrote,* as a club of four inches diameter would have a circumference of nearly 13 inches and be unwieldable.

During the progress of this appeal the secretary of the district court sent to this court a knotted and somewhat thick stick which answers to the description in the complaint and has every indicia of having been used as an exhibit at the trial in the court below, and there is a mighty probability that it was the self-same stick used by the defendant for purposes of offense and defense as described in the complaint. Indeed, the *fiscal* of this court conceded or admitted at the hearing that the stick was the same as the one offered as an exhibit in the court below. Nevertheless this stick or cane was never made a part of the record or certified to us in any of the ways known to the law, and we have no right or authority to consider it in our disposition of the case. An appellate court has only authority to consider the record. *Orama* v. *Oyanguren,* 19 P. R. R. 294, citing on page 296 *England* v. *Gebhardt,* 112 U. S. 502, and other cases of the United States Supreme Court; *Bassing* v. *Cady,* 208 U. S. 388, 389; 2 R. C. L. 106; 2 Cyc. 1074, 1075. The *fiscal* cannot add to nor subtract from the record. The secretary of the court below has no power of his own initiative to add to a statement of the case. It is the judge of the court below who must certify to the facts of the trial and such certificate takes the form of a statement of the case or bill of exceptions. *Calaf* v. *Calaf,* 16 P. R. R. 795; *Orama* v. *Oyanguren, supra,* and cases therein cited. If the appellant, instead of describing

an object in the bill of exceptions or statement of the case, desires to send the original object, the way of doing so is set forth in the rules of this court. No. 40b. Hence, taking the record as we find it, there is sufficient evidence to show that the weapon described in the complaint was taken from the defendant.

We regret when an appeal is not properly prosecuted. It has been suggested in this court that we send the case back to permit the court below to make a new statement. Such a practice would encourage rather than discourage careless or reckless appeals to this court. The defendant has taken no step in his own interest beyond the preparation of the alleged defective statement of the case. He filed no brief. He did not appear.

Perhaps the defendant preferred to pay the fine of five dollars rather than trouble himself any further about the matter, but in any event an appellate court would have as much right to listen to alleged omitted testimony as to consider an alleged omitted object. The *fiscal* cannot suggest omitted testimony to the court.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justice Aldrey concurred.
Justices del Toro and Hutchison dissented.

### DISSENTING OPINION OF MR. JUSTICE DEL TORO

This court, in a majority opinion, affirmed the judgment of the District Court of Guayama. In my opinion justice demands that before affirming or reversing the said judgment the measure hereinafter referred to by me should be adopted.

It appears from the record that the information is numbered 2399 and charges Lucas Julián with the offense of carrying prohibited weapons in that there was taken "from his person a club 33½ x 4 inches;" that the *fiscal* offered the said club in evidence at the trial and it was considered by the witnesses as a club, stick, or cane of white orange wood;

that the sole defense of the defendant consisted in the plea that the club, stick, or cane taken from him was not a prohibited weapon; that after the transcript of the record had been filed in this court its secretary received a stick 33½ inches long by 4 inches in circumference at its largest part, it being marked "Case No. 2399. Appealed Supreme Court— Lucas Julián—248;" that later the secretary of the trial court addressed an official communication to the secretary of this court stating "that the stick or club which I sent you by mail on the 22d instant is the one alleged to have been taken from Lucas Julián and formed 'the basis of the charge against him for carrying prohibited weapons;" that the weapon seized was not sent up to this court in the manner prescribed by rule 40 of this court or sanctioned by uniform jurisprudence in regard thereto.

As may be seen, an examination of the weapon is of primary importance in this case in order to decide whether the defendant is guilty or not of the offense of which he was convicted, and as an examination of the stick sent up to this court in the manner indicated forces me to the conclusion that it is not a prohibited weapon, I am of the opinion that justice requires that the stick should be returned to the trial court, after notifying both parties, so that the judge who presided at the trial may examine the same and order it to be sent up to this appellate court accompanied by his certificate attesting whether or not it is the same stick that was offered in evidence at the trial.

### DISSENTING OPINION OF MR. JUSTICE HUTCHISON.

Inasmuch as I do not question the general principles announced in the majority opinion and am even more heartily in sympathy with the spirit that inspires the dissenting opinion of Mr. Justice del Toro and the concurring opinion in the case of *Orama* v. *Oyanguren,* and yet, in view of all the circumstances, I felt constrained to vote against the proposition contained in such dissenting opinion when the sugges-

tion was first made to the court, upon the one hand, and upon the other, to dissent from the conclusion reached by the court herein and from the final disposition made of this case,—a brief statement of the reasons that may or may not justify my action is due both to the court and to myself. I fully con. cur in the doctrine of the majority opinion that an appellate court has only authority to consider the record; that the *fiscal* cannot add to or subtract from the record; that the secretary of the court below has no power of his own initiative to add to a statement of the case, and that it is the judge of the court below who, through a statement of the case or a bill of exceptions, must certify to the facts of the trial. The application actually made of these abstract propositions to the facts of this case, however, is quite another matter.

Rules 40*a* and 40*b* of this court were adopted as amendments by order of June 25, 1910. Section 299 of the Code of Civil Procedure was amended along the same lines in 1911, but the legislative amendment does not follow the language of the amended rules. There are certain noteworthy and more .or less significant distinctions to be drawn, but this is a point which need not be emphasized at the present time. It will suffice to suggest that, in so far as any real conflict may be found to exist, the rule must yield to the statute unless the latter be *ultra vires* and void. Moreover, neither the court rule nor the statute referred to has any application to a criminal case save by analogy, upon general principles of good practice, and by virtue of rule 94 providing that "These rules shall govern in criminal cases as well as civil *so far as they are applicable.*"

For the purposes of this opinion it may be conceded that rule 40*b* points out the proper practice to be observed in both civil and criminal cases. It does not necessarily follow that this court or any court is so "cabin'd, cribb'd, confin'd" by its own rules, made by it presumably to promote rather than to frustrate the ends of even-handed justice, that it must close its eyes to the light of truth evidenced by undisputed

and unquestionable facts and, in blind subservience to the letter and wholly without regard to the spirit of such rules, convict of crime a man whom, as a matter of common, everyday horse sense, it knows in all human probability to be innocent of any offense, whatever it may judicially know or ignore from a technically legal standpoint. That, with all deference and respect, and without reference of course to motives the absolute sincerity and purity of which are above all suspicion, is, in my humble opinion, to all practical intents and purposes, what this court has done in this case. Such being my firm conviction, any effort to gloss over the true reason for my dissent or to minimize the far-reaching importance and the pernicious character of the precedent established, as I view it, would involve a certain degree of moral cowardice, if not a flagrant violation of my oath of office and of my duty as a judge.

The object and purpose of the requirement contained in rule 40*b*, that a description of the original exhibit sought to be brought up shall be made in the statement of facts, is expressly stated therein to be the proper identification of such exhibit. Rules 55 and 56 expressly recognize that on motion to correct a transcript the secretary, in a proper case, as well as the judge when circumstances require, may certify the whole or any part of the record, or the same may be produced duly certified without previous order of this court. A distinction between cases in which the alleged error is disputed and those in which there is no controversy in this regard is also drawn.

None of the reasons underlying the general rule that *all* of the evidence should be incorporated in the record by a bill of exceptions, or its equivalent, in order to enable the appellate court to pass upon its weight and sufficiency; none of the reasons which ordinarily would require an exercise upon the part of the trial court of the discretion mentioned in rule 40*b*, beyond the degree to which such discretion appears to have been exercised herein, are shown to exist in the in-

stant case. There was but one exhibit before the trial court and there was but one exhibit ever offered or sought to be introduced in evidence. All the evidence adduced is before us, save only and except, under the view taken in the majority opinion, such single exhibit. A consideration thereof by the court could produce no possible miscarriage of justice in this particular case, nor could it possibly involve any actual unfairness to the trial judge.

If that exhibit had been described in the statement of facts independently of the testimony of witnesses and of the complaint, as in fact it is described in such complaint and by such witnesses, and if the trial judge, upon request, had refused to allow the same to be sent up, most assuredly such abuse of discretion would have been promptly corrected by proper order of this court. And had the appellant, the judge and the secretary all religiously observed each and every detail of the provisions of rule 40b, then, although the exhibit in question would unquestionably have been more regularly identified, yet it could hardly be said to have been more thoroughly identified than it actually is.

The sole question raised and submitted by the defense in the court below, the only point involved in the appeal, is whether or not the stick taken from the defendant; introduced in evidence at the trial; marked for identification "Cause No. 2399, appealed Supreme Court, Lucas Julián, 248;" securely wrapped in official jury payroll blanks (Auditor's Form No. 167, R 3804, Dec. 6, 1912, 1000); sent by mail by the secretary of the district court to the secretary of this court accompanied by a letter typed on an official letter-head of the Guayama court, in which assurance is given that it is the identical stick alleged to have been taken from the defendant and the carrying of which by him resulted in this prosecution; delivered by the secretary of this court to the *fiscal* thereof at his request and in the presence of this court at the hearing and presented by such prosecuting offi-

cer himself to our consideration with commendable frankness and, I thought, plainly without serious expectation that the conviction could stand, is a cane or a club.

The majority opinion tacitly admits that it is a cane and not a prohibited weapon, or, at least, carefully avoids classifying it as a club and expressly concedes that, beyond any reasonable doubt, it is the identical exhibit upon which conviction was had; yet for no other apparent reason than that appellant or his attorney or the trial judge failed literally to comply with the formalities prescribed, not by the Code of Criminal Procedure, but by a rule of this court, such opinion entirely eliminates the pivotal question and without consideration of the merits affirms the judgment and sentence of the court below.

The cane in question is a smooth, straight piece of white bitter orange, somewhat oval rather than round, about an inch by an inch and a quarter at one end, tapering slightly to about one inch or perhaps less than one inch in diameter at the other and "knotted" in the sense that it has a number of small closely-trimmed, blister-shaped protuberances suggesting the former existence and removal of buds, thorns, or small twigs, the core of the larger of these "knots" being perhaps something more than one-eighth and less than one-fourth of an inch in diameter. If given a little extra polish, a metal head and a ferrule and carried by any well-dressed man without previous police court record or not already under suspicion or surveillance, it would not, even at election time, attract the attention of any policeman in the Island. It might be used with telling effect as a weapon of offense or defense in an emergency just as any serviceable cane might be so employed. Had this court held it to be a club rather than a cane, probably I would have dissented, but hardly would have felt obliged to file a dissenting opinion. But the majority opinion makes it quite clear that however light and flexible, however impossible of classification as a "club"

the exhibit in question might have been, it could not have
been considered at all in the disposition of this case.

   ·   If we consider that the same rule must apply to felony
as well as to misdemeanor cases, the importance of the deci-
sion rendered herein becomes more apparent. If in this case
defendant had been convicted of murder in the first degree
and sentenced to death; if the complaint had charged and
the evidence had conclusively shown that death was produced
by a 44-caliber firearm; if the guilt or innocence of the de-
fendant depended solely and exclusively upon whether or
not the weapon taken from him was in fact the instrument
employed in committing the offense; if instead of a cane the
only exhibit in the case were a 22-caliber rifle alleged to be
and introduced in evidence as the weapon found upon the
defendant, and the weapon with which the crime was alleged
to have been committed, yet, according to the reasoning of
the majority opinion, the judgment and sentence of death
would inevitably have been affirmed. Whatever doubt might
otherwise exist as to the possibility of a different result in
a capital case would seem to be removed by a careful con-
sideration of the case of *People* v. *Concepción*, 21 P. R. R.
296, in which a statute, the plain and unmistakable purpose,
of which is to provide that no man in this Island shall pay
the death penalty until this court shall have passed upon
the sufficiency of the evidence submitted to the jury, was con-
strued away by a similar process of rigidly technical rea-
soning in an opinion which substantially admits on its face
that the very words constituting the key to the legislative
intent are "mere surplusage," "anomalous" and inexplica-
ble upon any other than the quite obvious theory rejected
by the court, and at the same time holds that this court·is
without jurisdiction to consider at all the statement of the
evidence certified by the district judge pursuant to such legis-
lative enactment.

    In the case at bar only three witnesses testified—two for

the prosecution and the defendant in his own behalf. There is no conflict in the testimony aside from the variation in terms employed by the witnesses in referring to the exhibit. The statement of the case is two pages in length. It is approved in the usual form by the district judge who certifies, among other things, that it is "a correct narrative of the particulars (*hechos ocurridos*) of the trial of said cause and that said statement contains all the evidence offered and admitted during the trial." The statement expressly recites that "the *fiscal* offered the cane (*bastón*) as proof and the defense admitted that defendant was carrying the same and that it was taken from him by policeman Cruz on the date mentioned in the complaint." And again, at the close of defendant's testimony, that "the defense submits the case to the court with the request that it take into consideration the dimensions of the cane in order to determine whether or not it is a prohibited weapon under the law." The policeman testifies that "the club was of white bitter orange" and each and every witness identifies the stick.

Section 362 of the Code of Criminal Procedure provides that "After hearing the appeal, the Supreme Court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."

Section 1 of an Act relating to the reversal of judgments in criminal cases by the Supreme Court, etc., approved May 30, 1904, Acts of 1905, page 10, reads as follows:

"Whenever it appears from the record in any criminal case upon appeal to the Supreme Court, that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties and was duly excepted to in the trial court; *Provided, however,* that the appellate court may take cognizance of fundamental errors appearing in the record, although not excepted to, and render such judgment thereon as the facts and the law may require."

Even if the proviso just quoted had been entirely omitted, it would seem inconceivable that the law which forbids the reversal of a criminal judgment for harmless error or disregard of statutory requirements should inexorably demand the affirmance of such a judgment even though it appear that no crime has been committed, merely because the conclusive evidence of such fact is more or less irregularly brought to the attention of this court.

In the circumstances of this case, however viewed, the least this court should have done would have been to issue the order suggested in the dissenting opinion of Mr. Justice del Toro. But such an order was wholly unnecessary. In such circumstances; in the light of section 362, *supra;* in the absence of objection, and in view of the waiver by the *fiscal* of all irregularly, we very well might have treated the statement of facts, together with the judge's certificate thereto, as sufficient authority for the transmission of the exhibit by the clerk and his letter as a sufficient certificate of identification, or, if not, then the clerk of this court might have been instructed to suggest to the clerk of the district court by letter or telegram a formal certificate in accordance with rule 40b or section 299 of the Code of Civil Procedure.

There was no need of any opinion at all herein nor of anything more than a mere *per curiam* order such as is daily made in matters of minor importance, adjudging the exhibit to be either a cane or a club and disposing of the case in accordance with such finding, and why this court, entirely of its own motion, should have gone so far out of its way in order to raise and argue the technical question discussed at such length in the majority opinion passes my understanding.

The judgment of the court below should have been reversed and the defendant discharged.