**STATE of Minnesota, Respondent,**

v.

**John Mac FINKELSTEIN, et al., Appellants.**

**No. 48296.**

Supreme Court of Minnesota.

Dec. 8, 1977.

Peterson & Nelson and Dan K. Nelson, St. Paul, for appellants.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson and Lee W. Barry III, Asst. County Attys., Minneapolis, for respondent.

Heard before PETERSON, KELLY, and TODD, JJ., and considered and decided by the court en banc.

## PER CURIAM.

Defendants challenge by writ of habeas corpus the validity of their custody in a pending extradition proceeding. After hearing oral arguments, we affirmed from the bench the district court's orders so that further delay in this extradition proceeding can be avoided. We offer the per curiam opinion that follows as a record for future reference.

This extradition proceeding had its origins in the arrest of defendants in New Mexico for possession of heroin. Defendants were booked and released, but not then charged. Defendants subsequently were indicted by a New Mexico grand jury and a warrant based on that indictment was issued. After the arrest but before the indictment, defendants, after consulting with their attorney, left New Mexico to pursue a job opportunity in Iowa. The defendants moved from Iowa to Minnesota, where they were arrested on the New Mexico charges. Shortly thereafter defendants were charged with being fugitives from justice and, after declining to waive extradition proceedings, this proceeding was commenced.

Defendants argue on appeal that one who leaves a demanding state without an intent to avoid criminal process and thereafter is charged with a crime in that state, is not a "fugitive from justice" within the meaning of the United States Constitution and therefore cannot be extradited. Stated differently defendants argue that an intent to flee from justice is a constitutional prerequisite to an extradition proceeding.

The pertinent constitutional provision U.S. Const. art. IV, § 2, provides in part:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

The United States Supreme Court faced a similar argument in *Bassing v. Cady*, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908). We find the following language from that opinion dispositive of defendants' appeal:

" * * * If he was in [the demanding state at the time the crime with which he was charged was committed] * * * and thereafter left [the demanding state], no matter for what reason or under what belief, he was a fugitive from the justice of that State within the meaning of the Constitution and laws of the United States. These views are in accord with the adjudged cases. * * * He was none the less such a fugitive, within the meaning of the Constitution and laws of the United States, because after dismissal of the first indictment he left [the demanding state] * * * with the knowledge of or without objection by the [demanding state's] authorities."

208 U.S. 392, 28 S.Ct. 394, 52 L.Ed. 543. For purposes of extradition, "it does not matter what motive induced the departure." *Drew v. Thaw*, 235 U.S. 432, 439, 35 S.Ct. 137, 138, 59 L.Ed. 302, 307 (1914).

The trial court's order quashing defendants' writ of habeas corpus must be affirmed.