(586 P.2d 1389)

No. 49,963

In the Matter of the Application of Dean Simpson for a Writ of Habeas Corpus.

Opinion filed December 1, 1978.

*John D. Osborn* of Calihan, Green, Calihan & Loyd, of Garden City, for the appellant, Dean Simpson.

*Evan Nightingale,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee, State of Kansas.

Before SPENCER, P.J., ABBOTT and MEYER, JJ.

SPENCER, J.: This is an appeal from an order dissolving a writ of habeas corpus issued in an extradition proceeding. K.S.A. 22-2701 *et seq.* At issue are: (1) Whether failure to arrest under warrant of the governor within the ninety-day period provided for commitment or bail in K.S.A. 22-2715 and 22-2717 renders that warrant void and unenforceable; and (2) whether the governor's warrant dated December 20, 1977, is valid.

On September 15, 1977, a complaint was filed in the District Court of Finney County alleging that petitioner was a fugitive from justice from the state of Missouri. A fugitive warrant was issued and petitioner was admitted to bail pursuant to K.S.A. 22-2716. His hearing was scheduled for October 16, 1977. The governor's warrant was not received by that date and, at the request of the state, continuances were granted pending receipt of the warrant. On December 16, 1977, since the governor's warrant still had not been received and more than ninety days had elapsed, the proceedings in Finney County were dismissed and petitioner was released.

Thereafter, on December 21, 1977, the governor's warrant did arrive and was forwarded to the Sheriff of Grant County for execution. Petitioner was arrested in that county on February 1, 1978, and immediately taken before a magistrate who admitted him to bail pending the filing of an application for writ of habeas corpus. The writ was issued March 2, 1978, and thereafter quashed upon hearing by the district judge in Grant County, who directed that the warrant be executed.

Petitioner's contention that failure to arrest under the governor's warrant within the ninety-day period of time provided by K.S.A. 22-2715 and 22-2717 operates as a bar to further extradition proceedings, appears to be one of first impression in Kansas. However, the issue has been considered in other jurisdictions and found to be without merit.

It is obvious that the sections of the Uniform Criminal Extradition Act referred to are to prevent the unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding state. They do not restrict the period within which a governor's warrant may be issued or executed to the ninety-day period contained in those statutes. *Glavin v. Warden,* 163 Conn. 394, 311 A.2d 86 (1972); *People ex rel. Vasquez v. Pratt,* 24 Ill. App. 3d 927, 322 N.E.2d 74 (1975); *People ex rel. Gummow v. Larson,* 35 Ill. 2d 280, 220 N.E.2d 165 (1966); *State ex rel. Brown v. Hedman,* 280 Minn. 69, 157 N.W.2d 756 (1968); *Bell v. Janing,* 188 Neb. 690, 199 N.W.2d 24 (1972); *In re Colasanti,* 104 N.J. Super. 122, 249 A.2d 1 (1969). In this case, petitioner's release after ninety days leaves him in the same position as when he was initially charged, a "fugitive from justice" within the meaning of the federal constitutional provision requiring such persons to be delivered by the governor of one state to the governor of the state whose laws are alleged to have been violated. *Glavin v. Warden,* 163 Conn. at 398; *Bell v. Janing,* 188 Neb. at 692. Any interpretation of the statutes which would avoid the constitutional dictate to relinquish the fugitive would place the validity of the statutes in question. U.S. Const. art. 4, § 2.

The proceeding instituted in Finney County was merely the vehicle for the issuance of a warrant to arrest and hold the alleged fugitive for such time as necessary to enable the arrest of the

accused under a governor's warrant, not to exceed a total of ninety days. It was not in any sense the institution of criminal proceedings in this state against the petitioner. The release of petitioner from bail in Finney County and the dismissal of the arrest warrant there were not an adjudication of his guilt or innocence of the alleged crime.

The validity of the governor's warrant presents a more difficult problem. Under date of May 6, 1978, our Supreme Court filed an opinion in *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132, in which it is said:

"Warrants for arrest cannot be issued except upon probable cause. Statements to the contrary in our earlier cited cases notwithstanding, we now hold that a verified complaint couched in the language of a criminal statute, standing alone, is not sufficient to support a finding of probable cause and the issuance of an arrest warrant.

"The purpose of a complaint, filed with a magistrate, is twofold: first, its function is to disclose sufficient factual information to enable a magistrate to make an intelligent and impartial finding that there is probable cause to believe that a specific crime has been committed, and that the defendant has committed or is committing it; and second, its function is to inform the defendant of the particular offense with which he or she is charged, and provide an accusation upon which a trial can be held." 224 Kan. at 75.

In writing for the majority, Justice Miller also said:

"The important point, which we emphasize, is that sufficient factual information must be presented to enable the magistrate to make an independent finding of probable cause before a warrant is issued, as mandated by the Fourth and Fourteenth Amendments, and section 15 of the Bill of Rights." 224 Kan. at 76.

"We . . . conclude that Fourth Amendment standards apply in extradition proceedings, and that a person is not 'charged' or 'substantially charged' by the filing of a complaint or affidavit which does not provide sufficient information to enable a 'neutral and detached magistrate' to make an independent determination of probable cause." 224 Kan. at 80-81.

The court then concluded that its holding did not require the immediate issuance of a writ or the discharge of petitioner, but that the demanding state should be granted a reasonable time within which to demonstrate that it in fact had probable cause at the time the arrest warrant was issued.

The record in this case reveals a complaint filed in Jasper County, Missouri, under date of July 1, 1975, and the warrant issued that same date by the magistrate. The complaint and the warrant appear to be substantially in the language of the Missouri statute. The complaint alone does not make a showing of probable cause as required by *Wilbanks.*

The file also contains the original of the affidavit of one Larry Fortuck, vice president of Joplin White Trucks, Inc. This instrument was subscribed and sworn to on December 1, 1977, before the magistrate who issued the arrest warrant of July 1, 1975. This affidavit does appear to contain sufficient factual information to enable one to make an intelligent and impartial finding that there is probable cause to believe that a specific crime has been committed; that petitioner has committed that crime; and to inform petitioner of the particular offense with which he is charged. However, the execution of the affidavit occurred almost two years and five months after the issuance of the arrest warrant and there is nothing to indicate that the factual information disclosed therein was presented to and considered by the magistrate before issuance of the warrant. In the absence of such showing, we must conclude that petitioner was not charged or substantially charged as required by the standards of the Fourth Amendment. As in *Wilbanks*, however, we conclude that the demanding state, Missouri, should be granted a reasonable time within which to demonstrate that the arrest warrant was in fact issued upon a showing of probable cause and that thirty days is a reasonable period within which to make such a showing.

The judgment dissolving the writ of habeas corpus is reversed and this case is remanded to the district court with directions to discharge the petitioner, unless within thirty days from the date of filing this opinion a showing of probable cause has been made in accordance with this opinion.