(704 P.2d 386)

No. 56,863

IN THE MATTER OF THE APPLICATION FOR A WRIT OF HABEAS CORPUS BY JERRY W. SANDERS.

Petition for review denied September 27, 1985.

Opinion filed August 1, 1985.

*Michael J. Waite*, of Leavenworth, for appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., PARKS and MEYER, JJ.

PARKS, J.: Petitioner, Jerry W. Sanders, appeals the denial of his petition for a writ of habeas corpus filed pursuant to K.S.A. 60-1501. Petitioner was being detained for extradition on a governor's warrant.

Petitioner was released from the Leavenworth Federal Penitentiary on May 16, 1983 and was immediately arrested on the same day pursuant to a fugitive warrant. Petitioner was incarcerated in the Leavenworth County jail and, since the documents before the court indicated that the alleged Alabama offenses carried a potential life sentence, no bond was set. K.S.A. 22-2716. Two extradition hearings were subsequently held on

June 15 and July 18, 1983, at which the State requested 30-day continuances pending receipt of the governor's warrant. At the June 15 hearing, petitioner requested the appointment of counsel to represent him but the court declined, holding that there was no authority for such an appointment. On August 18, 1983, petitioner was served with the governor's warrant directing his extradition to Alabama. At that time, petitioner had been incarcerated for 95 days.

Once petitioner had finally been arrested on the governor's warrant, he filed a pro se petition for writ of habeas corpus and requested the court appoint counsel to represent him in resisting the extradition. Counsel was appointed but petitioner subsequently hired his own attorney. By motion of petitioner's retained counsel, the hearing on the writ was delayed several times until the requested relief was finally denied on November 16, 1983. Petitioner appeals from the denial of his petition.

Petitioner does not raise any contentions regarding the validity of the Alabama extradition documents or the governor's warrant itself. Instead, he contends that errors committed by the court prior to his arrest on the governor's warrant compel his belated release.

The law is well settled that a person arrested as a fugitive from justice may be held in jail or on bond for thirty days (K.S.A. 22-2715), with the possibility of extensions of the time of commitment for a total of ninety days, at the discretion of the court. K.S.A. 22-2717; *Odom v. State*, 215 Kan. 456, 458, 524 P.2d 217 (1974). The purpose of this period of commitment is to allow time for the arrival of extradition documents and the fugitive's arrest on a governor's warrant. K.S.A. 22-2715. If at the end of a 90-day wait the governor's warrant has not been received, the court may release the accused from confinement or the restrictions of bail. K.S.A. 22-2717. However, if the accused is released and the governor's warrant subsequently arrives after expiration of the 90-day detention period, the warrant may still be served and the accused validly arrested. *In re Simpson*, 2 Kan. App. 2d 713, 586 P.2d 1389 (1978). In other words, the time limitations on the restraint of the fugitive do not apply to the service of the governor's warrant or affect its validity. *Simpson*, 2 Kan. App. 2d at 714.

This case presents a variation on the situation in *Simpson*

because not only was the governor's warrant served beyond the time limits set by K.S.A. 22-2715 and 22-2717, but the accused was held in custody for the intervening five-day period. Thus, petitioner contends that, despite the presumed validity of the governor's warrant, his detention upon that warrant is faulty because its service was effected by what he argues was his unlawful detention beyond 90 days.

Although this precise issue has not been addressed in Kansas, a number of other states have considered similar situations. In *Schumm v. Nelson,* 659 P.2d 1389 (Colo. 1983), the accused was arrested as a fugitive and held for 91 days before being served with the governor's warrant. He filed a petition for a writ of habeas corpus on the grounds that he had been detained in custody beyond the 90-day limit allowed by law. The court upheld the denial of any relief, concluding that once a valid governor's warrant is issued, illegalities and irregularities relating to the detention of the fugitive are moot. See also *Michaels v. Caldwell,* 646 P.2d 899 (Colo. 1982); *Simmons v. Leach,* 626 P.2d 164 (Colo. 1981); *Whittington, Jr. v. Bray,* 200 Colo. 17, 612 P.2d 72 (1980). Several other cases which have considered the effect of a detention beyond thirty days without the request for a continuance or the service of the governor's warrant have similarly held that the subsequent arrest on a proper governor's warrant renders the questionable detention a moot issue. See, *e.g., Com. v. Brown,* 281 Pa. Super. 31, 36, 421 A.2d 1131 (1980); *Lewis v. Boone,* 418 So. 2d 319, 320 (Fla. Dist. App. 1982). It is important to note that none of these cases considered whether the fugitive's confinement beyond the statutory limits was unlawful such that he could have compelled his release with a petition for a writ of habeas corpus. Instead, the decisions simply conclude that the petitioner's request for release comes too late when it is made after the governor's warrant has been served.

Petitioner in this case was a fugitive from Alabama throughout his confinement by authorities in this state. We agree with the case law from other jurisdictions cited above and conclude that whether petitioner's extended detention was lawful has no bearing on the validity of his arrest on the governor's warrant. Since he did not file his petition for a writ of habeas corpus until after his arrest on the governor's warrant, prior irregularities in his detention on the fugitive warrant are moot.

Petitioner also contends that the district court's refusal to appoint counsel for him before the governor's warrant was served somehow invalidates that warrant. However, it is not entirely clear that an indigent fugitive held pending receipt of a governor's warrant has the right to appointed counsel. In addition, even if petitioner had such a right, the court's refusal to make an earlier appointment did not prejudice petitioner in any way.

The Uniform Criminal Extradition Act permits a person to be arrested for the purposes of imminent extradition on a governor's warrant or on a citizen's complaint and resulting fugitive warrant. K.S.A. 22-2708 and 22-2713. If the person is arrested on a governor's warrant, K.S.A. 22-2710 provides that he must be taken before a judge forthwith and advised of the charge leveled against him by the demanding state and his right to resist extradition with the aid of an attorney who will be appointed if that person is indigent. However, there is no statutory requirement that such a procedure be followed when the accused is originally arrested on a fugitive warrant and held pending the arrival of the governor's warrant.

Constitutionally, a person is entitled to the appointment of counsel at any critical stage of prosecution. See *Estell v. Smith,* 451 U.S. 454, 469-70, 68 L.Ed.2d 359, 101 S.Ct. 1866 (1981). However, the process of holding a fugitive prior to receipt of a governor's warrant is "not in any sense the institution of criminal proceedings in this state against the petitioner." *Simpson,* 2 Kan. App. 2d at 715. Therefore, it would not appear that the Sixth Amendment would entitle the petitioner to court-appointed counsel while he is being held on a fugitive warrant but absent the initiation of any steps toward prosecution.

Even assuming petitioner was entitled to the services of an attorney during his preliminary detention, the error in denying such assistance would not invalidate his subsequent detention on the governor's warrant. See *Woody v. State,* 215 Kan. 353, 359, 524 P.2d 1150, *cert. denied* 419 U.S. 1003 (1974). Petitioner's right to challenge the extradition documents and issuance of the governor's warrant was fully protected by the appointment of an attorney after his arrest on that warrant on August 18, 1983. Prior to that time, the only right which an attorney's assistance could possibly have helped secure was the

release of petitioner after the expiration of the 90-day commitment period on the fugitive warrant. However, this release would only have permitted the petitioner to enjoy the benefit of five days of freedom before the governor's warrant arrived and he could be rearrested. Since, even out of the custody of Kansas officials, petitioner was still a fugitive from Alabama, the "freedom" to which petitioner was entitled is tenuous, at best. In sum, all rights petitioner had after his arrest on the governor's warrant were properly protected by the appointment of counsel and any right to counsel he may have had before that time was rendered moot once the governor's warrant was served.

Affirmed.