No. 59,234

In The Matter of The Application of Michael Edward Danko, for Writ of Habeas Corpus.

(731 P.2d 240)

Opinion filed January 7, 1987.

*Forrest A. Buhler,* of Manhattan, argued the cause and was on the brief for appellant.

*Gabrielle M. Thompson,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

*Lisa A. Mendoza,* Governor's Pardon & Extradition Attorney, was on the *amicus curiae* brief.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the petitioner, Michael Danko, from an order and judgment of the District Court of Riley County, denying Danko's petition for a Writ of Habeas Corpus and ordering him remanded to the custody of the appropriate authorities of the State of Arkansas for extradition. Three issues are raised: Whether the extradition documents are sufficient to satisfy petitioner's Fourth Amendment right to a judicial determination of probable cause; whether the petitioner was illegally

detained in Kansas beyond the 30-day period allowed by K.S.A. 22-2715; and whether the Arkansas extradition warrant was defective on its face because it failed to allege that Danko was in Arkansas at the time the offenses were committed.

Michael Danko was arrested in Riley County, Kansas, on December 20, 1985, pursuant to a complaint filed by the State of Kansas requesting his detention pending extradition proceedings on a criminal warrant issued in Arkansas charging Danko with the crime of capital murder, a felony. Danko was taken before the court on December 20, 1985, hearing was set for January 21, 1986, bond was set, counsel was appointed, and the defendant was returned to the Riley County jail in default of bond. On January 21, the State applied for a continuance for the reason that the governor's warrant had not yet been received. The trial court granted the continuance until February 18, 1986. On that date, the extradition documents were presented to the trial court. These included the governor's warrant issued by the Governor of Kansas; the extradition requisition from the Governor of Arkansas to the Governor of Kansas and the warrant issued by the Governor of Arkansas; the verified request of the Arkansas prosecuting attorney, seeking a requisition from the Governor of Arkansas; the affidavit of the prosecuting attorney, stating informations were filed in the twelfth judicial circuit of Arkansas charging Michael Edward Danko with criminal use of a prohibited weapon, failure to appear, and capital murder, that warrants were issued against Danko for each of those offenses, and that Danko was present in Sebastian County, Arkansas, at the time of the commission of the crimes; copies of the verified complaints filed in Arkansas charging Danko with criminal use of a prohibited weapon, failure to appear, and capital muder, all felonies; affidavits of identification; affidavits of the investigating officers and prosecuting attorney; and an affidavit of the circuit judge, stating that he has reviewed the file and the evidence in the case against Michael Edward Danko, and "I find there is sufficient and probable cause to support the charges of Criminal Use of Prohibited Weapon, Failure to Appear and Capital Murder filed against the said Michael Edward Danko in the Circuit Court of Sebastian County, Arkansas."

Turning to the first issue, petitioner contends that there is no showing in the file that there was a finding of probable cause by

a neutral and detached magistrate in the State of Arkansas before a warrant for the arrest of Michael Danko was issued. The trial court agreed that the requisition and attached documents do not reflect a finding of probable cause prior to the issuance of the original warrants, nor do they supply information upon which such a finding could be made on the charges of capital murder or criminal use of a prohibited weapon, but the trial court found that there was a judicial determination of probable cause on the charge of failure to appear, based upon one of the affidavits and upon the issuance of a bench warrant at the direction of the Arkansas court.

Petitioner relies upon certain language of this court in the case of *Wilbanks v. State*, 224 Kan. 66, 579 P.2d 132 (1978). The first six paragraphs of the syllabus in that case deal with the initial finding of probable cause, prior to the issuance of search or arrest warrants, and those paragraphs remain the law of this state. The Fourth Amendment to the Constitution of the United States mandates that before a warrant for the arrest of the accused may be issued, there must be a finding of probable cause by a neutral and detached magistrate. That constitutional requirement is applicable to all states by virtue of the due process clause of the Fourteenth Amendment. See authorities cited in *Wilbanks*, 224 Kan. at 71.

Paragraphs seven and eight of the syllabus to the *Wilbanks* opinion read as follows:

"Under the Uniform Criminal Extradition Act, K.S.A. 22-2703, a conclusory complaint, void of supporting factual information, does not 'substantially charge' the person demanded with having committed an offense, and such a complaint is insufficient to support extradition."

"In an appeal in a habeas corpus case challenging extradition proceedings, the record is examined and it is *held* that the complaint filed in the courts of the demanding state, and upon which the arrest warrant was issued, does not disclose probable cause, and therefore the petitioner should be discharged unless the demanding state makes a showing of probable cause within thirty days from the entry of this order."

Those paragraphs, and corresponding parts of the opinion, deal with the matter of extradition. A few months after our opinion in *Wilbanks* was handed down, the Supreme Court of the United States decided the case of *Michigan v. Doran*, 439 U.S. 282, 58 L. Ed. 2d 521, 99 S. Ct. 530 (1978). Since the decision in *Doran* was announced, paragraphs seven and eight of the *Wilbanks* syl-

labus, and corresponding portions of the opinion, are no longer controlling law and they are hereby expressly overruled.

In *Doran*, the United States Supreme Court said:

"A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. *Cf. Bassing v. Cady*, 208 U.S. 386, 392 [, 52 L. Ed. 540, 28 S. Ct. 392] (1908). Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. . . ."

"Under Art. IV, § 2, [of the Constitution] the courts of the asylum state are bound to accept the demanding state's judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination. Section 2, cl.2, of Art. IV, its companion clause in § 1, and established principles of comity merge to support this conclusion. To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2. [Citations omitted.]

"We hold that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." 439 U.S. at 289-90.

The record before us discloses that arrest warrants were issued by Arkansas judges on all three charges prior to Danko's arrest in Riley County. The bench warrant charging Danko with failure to appear on a felony charge was issued upon the order of the judicial officer before whom Danko failed to appear on the weapon charge.

Arkansas courts, like Kansas courts, are required to make a finding of probable cause before issuing arrest warrants. Even though the probable cause information is not contained within the documents provided here, the proceedings in Arkansas are, under *Doran*, clothed with a presumption of regularity. Under *Doran*, our courts have no power to review the determination made by the Arkansas courts at the time of the issuance of the original arrest warrants. Additionally, we have the finding of probable cause, made by an Arkansas judge prior to the governor's requisition and the issuance of the governor's warrant. A judicial determination that probable cause exists has been made

in Arkansas. No further inquiry may be had on that issue in this state.

We summarize the rule as follows: When extradition documents disclose that a judge or magistrate in the demanding state has issued an arrest warrant against the accused on a felony charge, Kansas courts are without power to review the determination of probable cause made by the courts of the demanding state. Even though the documents provided to us may not disclose a *basis* for a probable cause determination, the fact that a magistrate in the demanding state has issued an arrest warrant conclusively shows, so far as our courts are concerned, that a finding of probable cause has been made. Judicial proceedings in a demanding state are presumed to be regular and in conformity with Constitutional requirements. Any attack on those proceedings must be made, under *Doran*, in the courts of the demanding state.

The next issue is whether Danko was illegally detained beyond the 30 days authorized by K.S.A. 22-2715. Apparently petitioner made no objection to the order of the trial court entered on December 20, 1985, scheduling the matter for hearing on January 21, 1986. On that date, the trial court, again without objection, continued the matter until February 18, when it was heard. K.S.A. 22-2717 provides that on the date specified, the judge may recommit the accused for a further period not to exceed 60 days. Thus, a continuance until well into March could have been made. While we agree that the order of December 20 was erroneous, and should have fixed a hearing date within 30 days of petitioner's initial appearance, petitioner made no timely objection and under the circumstances we find no reversible error.

Lastly, petitioner contends that K.S.A. 22-2703 (amended by Laws of Kansas, 1986, Chapter 123, Sec. 17) requires that a demand or requisition for extradition must allege on its face that the accused was present in the demanding state on the date the offenses were committed. While the document does not say on its face that the accused was present in Arkansas on the date the offenses were committed, the document incorporates the attached papers, certified to be authentic, and those verified and authenticated documents clearly disclose that the accused was present in Arkansas when the offenses were committed. We think the statute should not be so narrowly construed, and that

not only the face of the requisition but the appended documents must be considered in determining whether the accused's presence in Arkansas at the time of the commission of the offenses is sufficiently alleged. This appears to be the general rule. See *Harris, Petitioner*, 309 Mass. 180, 34 N.E. 2d 504 (1941), 135 A.L.R. 969; and Annot., 135 A.L.R. 973, 976. We conclude that the demanding documents now before us sufficiently allege petitioner's presence in Arkansas when the offenses were committed.

The judgment of the district court, denying the petition of Michael Danko for a Writ of Habeas Corpus, is affirmed.