**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Craig VAN BUSKIRK, Defendant and Appellant.**

**No. 18753.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1995.

Decided Feb. 15, 1995.

---

Mark Barnett, Atty. Gen., Todd A. Love, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Mark E. Deboer, Office of Public Defender, for Pennington County, Rapid City, for defendant and appellant.

PER CURIAM.

Craig Van Buskirk ("Van Buskirk") challenges his extradition to Colorado on the basis that a prior extradition attempt had been dismissed with prejudice. We affirm.

## FACTS

A fugitive complaint was filed against Van Buskirk on November 3, 1992, alleging that he stood charged with failure to appear in Arapaho County, Colorado. He was subsequently arrested and the State began the process of obtaining a governor's warrant for his extradition to Colorado.

A status hearing was held on December 30, 1992, at which time the Deputy State's Attorney noted there were errors in the form of the governor's warrant as some documents stated that Van Buskirk had been convicted of felony theft while others stated he was only charged with felony theft as the underlying charge to failure to appear in Colorado. The State promptly took steps to correct its documents but Colorado did not. As a result, on May 26, 1993, the extradition proceedings were dismissed. The court's order of dismissal stated that the dismissal was "with prejudice." [1]

Later that same year Colorado renewed its attempts to extradite Van Buskirk and a new governor's warrant was signed by South Dakota Governor Walter Dale Miller on September 2, 1993. Van Buskirk was arrested on November 4, 1993. He challenged the renewed proceedings arguing that the earlier dismissal with prejudice prevented the reinstitution of extradition proceedings. Following the extradition hearing, the court rejected Van Buskirk's contention that the pri-

---

1. The full text of the "Dismissal" is as follows:

Pursuant to SDCL 23A–44–2 the Court hereby dismisses with prejudice the Governor's Warrant, Fugitive Complaint and Felony Warrant of Arrest filed November 3, 1992, for the reason that the State of Colorado has abandoned their attempts to extradite the Defendant back to their jurisdiction and due to the errors in the Governor's Warrant that were not corrected by the State of Colorado, the accused has not been arrested under the Amended Warrant of the Governor in a timely fashion under SDCL 23–24–19.

or dismissal barred subsequent proceedings for his return to Colorado on the theory of res judicata. It was ordered that Van Buskirk be extradited to Colorado. He applied for a writ of habeas corpus. His application was denied, he was granted a personal recognizance bond pending appeal of that order, and required to surrender for transportation to Colorado within five days of the conclusion of this appeal.

## ISSUE

IS VAN BUSKIRK'S EXTRADITION TO COLORADO BARRED BY PRIOR EXTRADITION PROCEEDINGS WHICH WERE DISMISSED WITH PREJUDICE?

Van Buskirk argues the dismissal "with prejudice" of the governor's warrant, fugitive complaint and felony warrant of arrest prevents a renewal of extradition proceedings on the basis of res judicata and excessive delay. State responds that the dismissal of extradition proceedings due to procedural defects or failure of the demanding state to pursue the extradition proceeding does not bar subsequent extradition proceedings. We have not previously decided whether a dismissal of prior extradition proceedings on procedural grounds prevents a subsequent extradition.

In the area of extradition, federal law is controlling and state regulations on the subject are supplemental to, and facilitate, federal law. *Wellington v. State*, 90 S.D. 153, 155–56, 238 N.W.2d 499, 500 (1976). The United States Supreme Court has held that proceedings may be implemented twice to secure the extradition of a fugitive from justice. *Collins v. Loisel*, 262 U.S. 426, 43 S.Ct. 618, 67 L.Ed. 1062 (1923); *Bassing v. Cady*, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908). The facts in both of these cases indicate that Van Buskirk's contentions are without merit.

In *Bassing*, the defendant had been extradited from Rhode Island to New York to face an indictment for grand larceny. Once in New York, the indictment was dismissed by the prosecutor (before jeopardy attached). Later, a second indictment for the same offense was filed and he was again extradited from Rhode Island to New York. The Supreme Court rejected his argument that his first extradition barred a second extradition for the same offense on the basis that there was no constitutional or statutory impediment preventing the second extradition.

The facts in *Collins* are very similar to those presented here. Collins was originally held for extradition to British India as a fugitive from justice. He was then discharged and released because prosecution of the charges by the British consul general had been abandoned. Later, extradition of Collins was again sought by the British consul general based on the identical charges. Collins argued that his arrest on the second extradition request was barred by the discharge of the first proceeding based on the identical request and charges.

The Supreme Court rejected Collins' argument and stated:

> The discharge of Collins on the first petition for habeas corpus, so far as it related to the charge [at issue here] does not operate as res judicata.... The discharge here in question did not go to the right to have Collins held for extradition. It was granted because the proceedings on which he was then held had been irregular and the British consul general, instead of undertaking to correct them, had concluded to abandon them, and to file the charges anew by another set of affidavits.

262 U.S. at 430, 43 S.Ct. at 619, 67 L.Ed. at 1064. As State correctly points out in its brief, several state courts have followed *Bassing* and *Collins*.[2] Van Buskirk does not address any of this authority or respond to State's brief.

2. The cases referred to by State include: *Whetstone v. Freeman*, 524 So.2d 1159 (Fla.App. 3rd Dist.1988); *Murphy v. Boehm*, 443 So.2d 363 (Fla.App. 5th Dist.1983); *Matter of Sanders*, 10 Kan.App.2d 489, 704 P.2d 386 (1985); *Application of Simpson*, 2 Kan.App.2d 713, 586 P.2d 1389 (1978); *State v. Holliman*, 247 Mont. 365, 805 P.2d 52 (1991); *In re Blackburn*, 215 Mont. 440, 701 P.2d 715 (1985); *In re Hval*, 148 Vt. 544, 537 A.2d 135 (1987); *Brightman v. Withrow*, 172 W.Va. 235, 304 S.E.2d 688 (1983).

■ Instead, Van Buskirk relies on the fact the dismissal order contained the words "with prejudice" to assert that the subsequent extradition was barred. His reliance on criminal requirements mandating a speedy trial does not apply here because it does not involve constitutionally guaranteed rights and because this case involves executive proceedings not criminal ones.[3] Extradition is a summary executive procedure, it is not a criminal procedure. *Wellington,* 90 S.D. at 162, 238 N.W.2d at 503. "[E]xtradition is a mere proceeding in securing arrest and detention. An extradited defendant is not put on trial upon any writ which is issued for the purposes of extradition, any more than he is upon the warrant which is issued by the justice of the peace directing his arrest." *Id.* at 160, 238 N.W.2d at 502 (citation omitted).

■ The trial court recognized this distinction and concluded:

### III.

The Court's previous dismissal of the Governor's Warrant, *with prejudice,* was not proper.

### IV.

Under the separation of powers doctrine, the Governor's Warrant is an executive warrant, over which the judiciary cannot intervene and dismiss that warrant.

### V.

The discharge of the Defendant under the initial extradition proceedings did not serve as res judicata for any subsequent attempt by Colorado to extradite him on those same charges. Because the dismissal was issued on the grounds of defective process, the discharge was not res judicata to a subsequent habeas corpus hearing for the same offense based on new process. Furthermore, since there was no adjudication on the merits of the controversy, res judicata does not apply since the dismissal was purely procedural in character.

(Emphasis in original). Once the Governor of South Dakota, the asylum state, acted on the requisition for extradition based on Colorado's judicial determination that probable cause existed, the trial court was required to determine 1) whether the extradition documents were valid on their face, 2) whether Van Buskirk was charged with a felony criminal offense in Colorado, 3) whether Van Buskirk was the same person identified in the extradition request, and 4) whether he was a fugitive from justice from the State of Colorado. *See Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *State ex rel. Hall v. Hawkey,* 263 N.W.2d 141 (S.D.1978).

Since the initial extradition proceedings were dismissed before any of these four issues was considered or determined, the dismissal with prejudice could not bar subsequent proceedings for his return to Colorado to face charges there. *See Bank of Toronto v. Lengkeek,* 436 N.W.2d 271, 275 (S.D.1989) ("[R]es judicata precludes the relitigation of an issue actually litigated or which could have been properly raised and determined in a prior action."). The court's findings of fact and conclusions of law satisfied the requirements of *Doran,* and the trial court did not err in ordering the extradition of Van Buskirk.

Affirmed.

MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., participating.

---

3. Van Buskirk also contends there is no specific statutory authorization for a subsequent executive warrant based upon the same charges and that, lacking any specific language, the refiling of the governor's warrant should not be permitted. However, he cites no authority for this position.

Further, while Chapter 23–24 admittedly does not expressly address this matter, the authority of the United States Supreme Court in *Bassing* and *Collins* did not rely upon statutory or constitutional language authorizing a second filing, and is sufficient to reject this contention.