Donald GEE, Petitioner–Appellant,

v.

STATE OF KANSAS,
Respondent–Appellee.

No. 90–3034.

United States Court of Appeals,
Tenth Circuit.

Aug. 20, 1990.

Rehearing Denied Sept. 7, 1990.

Before ANDERSON, BALDOCK and EBEL, Circuit Judges.*

BALDOCK, Circuit Judge.

Petitioner-appellant Donald Gee, an inmate at the Wyoming State Penitentiary, appeals from the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After serving a federal sentence, petitioner was extradited from the federal penitentiary in Leavenworth, Kansas, to the State of Wyoming to serve an unfulfilled sentence in that State. The Leavenworth County sheriff's office assisted in the extradition by taking custody of the petitioner from the federal penitentiary and sending him to Wyoming. Petitioner's main contention is that this assistance was "kidnapping" because the State of Kansas, including the Leavenworth County sheriff, was without jurisdiction to participate in the extradition process. Petitioner also claims that the district court refused to credit this argument because he appeared pro se. Our jurisdiction to review this matter arises under 28 U.S.C. § 2253. Finding petitioner's contentions wanting, we affirm.

## I.

After escaping from federal custody in the State of New York, petitioner was convicted and sentenced in Wyoming for aggravated robbery and unauthorized use of an automobile. Subsequently, petitioner was returned to federal custody. As petitioner had not served his Wyoming sentence, the Wyoming Department of Corrections then filed a detainer against petitioner with the Federal Bureau of Prisons. Once filed, federal prison officials were on notice to retain custody of petitioner until he had completed his federal sentence and could be extradited to Wyoming. Shortly before petitioner's scheduled release date, the Bureau of Prisons notified Wyoming, with a copy to the Leavenworth County sheriff, that petitioner was about to be released. The Bureau indicated that Wyo-

Donald Gee, pro se.

Robert T. Stephan, Atty. Gen., Topeka, Kan., and Frank E. Kohl, Leavenworth County Atty., Leavenworth, Kan., for respondent-appellee.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

ming could take custody if a federal detainer was on file, but that the Leavenworth County sheriff would take custody if the detainer was issued by a non-federal jurisdiction. Thereafter, the Leavenworth County sheriff's office informed Wyoming that it would take custody of petitioner at the end of his federal sentence. Wyoming indicated that it would take custody of petitioner from the Leavenworth County sheriff in turn.

## II.

 Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Roberts v. Reilly*, 116 U.S. 80, 94, 6 S.Ct. 291, 299, 29 L.Ed. 544 (1885); *Sanders v. Conine*, 506 F.2d 530, 532 (10th Cir.1974); *Chamberlain v. Celeste*, 729 F.2d 1071, 1073 (6th Cir.1984). Yet "once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952); *Beachem v. Attorney General of Mo.*, 808 F.2d 1303, 1304 (8th Cir.1987); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir.1980); *United States ex rel. Kelly v. Maroney*, 414 F.2d 1228, 1230 (3d Cir.1969). Here, petitioner challenged his extradition in the asylum state, Kansas; therefore habeas review is proper.

Summary and mandatory interstate extradition is envisioned by the Constitution, which provides that:

> a person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the state having Jurisdiction · of the Crime.

U.S. Const., art. IV, § 2, cl. 2. The procedure to be used "in the apprehension and delivery of fugitives on demand from the executive authority of the requesting state, district, or territory from which the person fled" is contained in 18 U.S.C. § 3182.[1] *California v. Superior Court of Cal.*, 482 U.S. 400, 407, 107 S.Ct. 2433, 2438, 96 L.Ed.2d 332 (1987); *Ortega v. Kansas City, Kan.*, 875 F.2d 1497, 1499 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 325, 107 L.Ed.2d 315 (1989). If a person flees to another state to avoid justice, the state to which he has fled, referred to as the asylum state, must deliver the person to the original state, referred to as the demanding state, upon demand after being presented with the proper documents. 18 U.S.C. § 3182. This allows a demanding state to proceed against an offender who has committed a crime and prevents the asylum state from becoming "a sanctuary for fugitives." *Doran*, 439 U.S. at 287, 99 S.Ct. at 534.

 Once extradition has been granted by the governor of the asylum state, the "grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Id.* at 289, 99 S.Ct. at 535. The scope of judicial review in extradition proceedings therefore is limited to whether 1) the extradition documents are facially in order, 2) the petitioner demanded is charged with a crime, 3) the petitioner is the person named in the extra-

---

1. 18 U.S.C. § 3182 provides:

 Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from

 whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of arrest, the prisoner may be discharged.

dition request, and 4) the petitioner demanded is a fugitive from justice. *Doran*, 439 U.S. at 289, 99 S.Ct. at 535; *Chamberlain*, 729 F.2d at 1073–74. While this four-step inquiry is confined to "historic facts readily verifiable," *Doran*, 439 U.S. at 289, 99 S.Ct. at 535, it is designed to protect the rights of the person about to be extradited by insuring compliance with § 3182. *See McBride v. Soos*, 594 F.2d 610, 612 (7th Cir.1979).

### III.

■ Petitioner recognizes, as he must, that judicial review of extradition proceedings is narrow. He does not dispute that his extradition complies with the *Doran* standards,[2] but rather he claims that *Doran* does not apply because Kansas functioned as an intermediary between the federal penitentiary and Wyoming, in violation of his constitutional rights. Petitioner asserts that he was forcibly abducted from federal asylum by Kansas State officials. He argues that, because he had neither violated Kansas law, nor sought asylum within Kansas State boundaries, Kansas officials could not take custody of him from federal officials, and later extradite him to Wyoming. Under petitioner's theory, Kansas State officials involved in his extradition were officious intermeddlers and their participation rendered the extradition invalid.

Petitioner's position is too narrow because it ignores the objective of extradition—to bring fugitives to justice—and the need for interstate cooperation to achieve this objective. Our decisions in this area have been marked with a concern for practical flexibility. Whether custody of the prisoner will be surrendered or retained "is a matter of comity and is to be determined by the sovereign having custody." *Hernandez v. United States Attorney Gen.*, 689 F.2d 915, 918 (10th Cir.1982). We have held that one sovereign having custody and prior jurisdiction over an accused may waive its right to retain custody and allow the other sovereign to proceed. *Id.; Hayward v. Looney*, 246 F.2d 56, 57 (10th Cir.1957). For extradition purposes "the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner." *Hernandez*, 689 F.2d at 918; *accord Casias v. United States*, 421 F.2d 1233, 1234 (10th Cir.1970); *Hall v. Looney*, 256 F.2d 59, 60 (10th Cir.1958); *Hayward*, 246 F.2d at 57.

Petitioner implicitly argues that the federal government could not transfer custody to Kansas because of a lack of comity between the federal government and Kansas. This argument must be rejected as inconsistant with established precedent. *Hernandez*, 689 F.2d at 918. Petitioner also argues that once a defendant has served his sentence, he must be released pursuant to 18 U.S.C. § 4163.[3] Section 4163, however, does not require federal officials to release a prisoner who has served his term when a detainer is lodged against the prisoner. Indeed, 28 C.F.R. § 571.30 (1989),[4] envisions that the Bureau

---

2. The extradition documents were in order; petitioner clearly was charged with a crime in Wyoming and convicted; petitioner was identified correctly in the extradition request; and petitioner was a fugitive from Wyoming, having been convicted and sentenced, but not having served the sentence.

3. 18 U.S.C. § 4163 provided:
 **Discharge**
 Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. If such a release date falls upon a Saturday, a Sunday, or on a Monday which is a legal holiday at the place of confinement, the prisoner may be released at the discretion of the warden or keeper on the preceding Friday. If such release date falls on a holiday which falls other than on a Saturday, Sunday, or Monday, the prisoner may be released at the discretion of the warden or keeper on the day preceding the holiday.
 Although repealed, § 4163 remains applicable for five years after November 1, 1987 to pre-Sentencing Guidelines cases, and thus applies here. *See* Pub.L.No. 98–473, § 218(a)(4), 235(b)(1), 98 Stat. 2027, 2032 (1984).

4. 28 C.F.R. § 571.30 provides:
 **Procedures.**
 (a) Pursuant to 18 U.S.C. 4163, the Bureau of Prisons releases an inmate whose release date falls on a Saturday, Sunday, or holiday, on the preceding regular work day, unless it is

of Prisons may retain custody of a prisoner beyond his release date if another jurisdiction is seeking custody under a detainer. Nevertheless, petitioner insists that the Leavenworth County sheriff lacked authority to arrest him for purposes of extradition.

 In the extradition context, as with all arrests, the fourth amendment requires a judicial finding of probable cause. *Zambito v. Blair,* 610 F.2d 1192, 1195–96 (4th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1316, 63 L.Ed.2d 761 (1980); *Kirkland v. Preston,* 385 F.2d 670, 676 (D.C.Cir. 1967). A law enforcement officer may make a warrantless arrest of a fugitive from another jurisdiction so long as the arresting officer has probable cause and it is an otherwise lawful arrest in the officer's jurisdiction. *Stallings v. Splain,* 253 U.S. 339, 341, 40 S.Ct. 537, 538, 64 L.Ed. 940 (1920); *United States v. Miles,* 413 F.2d 34, 40 (3d Cir.1969); *Clemas v. United States,* 382 F.2d 403, 405 (8th Cir.1967), *cert. denied,* 390 U.S. 962, 88 S.Ct. 1064, 19 L.Ed.2d 1160 (1968). Under *Michigan v. Doran,* 439 U.S. at 289–90, 99 S.Ct. at 535–36, an asylum state may not make a second probable cause inquiry when the extradition documents are found to be in order and establish that there was a finding of probable cause in the demanding state. *See Zambito,* 610 F.2d at 1196. If the extradition request sets out sufficient facts which will support a judicial finding of probable cause, but fails to include a statement indicating such a finding by the demanding state, the asylum state is not required to insist on "proof that there had been a judicial finding of probable cause." *Id.* Rather, the asylum state may infer from 1) the existence of such facts and 2) the demand for extradition itself that a finding of probable cause by the demanding state exists. *Id.* Moreover, if a person convicted of a felony in another state is arrested, the asylum state may detain the person for a reasonable time necessary to initiate extradition proceedings. *Stallings,* 253 U.S. at 341, 40 S.Ct. at 538; *Day v.*

*Keim,* 2 F.2d 966, 966 (4th Cir.1924). Applying these hornbook extradition principles, the Leavenworth County sheriff clearly had probable cause to arrest and detain petitioner based upon the extradition documents from Wyoming.

 Petitioner was a fugitive from justice from a demanding jurisdiction, and that is the basis of any extradition. *See Ex parte Reggel,* 114 U.S. 642, 653, 5 S.Ct. 1148, 1154, 29 L.Ed. 250 (1885); *Brewer v. Goff,* 138 F.2d 710, 712 (10th Cir.1943). A fugitive from justice is a person who is 1) suspected of or has been convicted of committing a crime, 2) sought by the jurisdiction so that the jurisdiction may subject the person to its criminal justice system, and 3) has left the jurisdiction and is found within the boundaries of another. *Roberts,* 116 U.S. at 97, 6 S.Ct. at 300; *Brewer,* 138 F.2d at 712. Thus, "all that is necessary to convert a criminal under the laws of a State into a fugitive from justice is that he should have left the State after having incurred guilt there." *Strassheim v. Daily,* 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911) (citing *Roberts,* 116 U.S. at 97, 6 S.Ct. at 300); *see also Appleyard v. Massachusetts,* 203 U.S. 222, 227, 27 S.Ct. 122, 123, 51 L.Ed. 161 (1906). Even though an accused or convicted defendant may leave a state with the knowledge and consent of state officials, his fugitive status is not affected and he is not precluded from being subject to extradition. *Chamberlain,* 729 F.2d at 1077; *see also Bassing v. Cady,* 208 U.S. 386, 392–93, 28 S.Ct. 392, 393–94, 52 L.Ed. 540 (1908). Inquiry whether an individual is a fugitive is a fact question resolved by the asylum state's chief executive. *Reggel,* 114 U.S. at 652, 5 S.Ct. at 1153; *Brewer,* 138 F.2d at 712. Once the executive has determined the accused to be a fugitive, a habeas corpus challenge is limited to a question of fact as to fugitive status. *Sanders,* 506 F.2d at 532; *see also Biddinger v. Commissioner of Police,* 245 U.S. 128, 134–35, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917).

necessary to detain the inmate for another jurisdiction seeking custody under a detainer or for any other reason which might indicate

that the inmate should not be released until the inmate's normal release date.

The Leavenworth County sheriff and the district court were both correct concerning petitioner's fugitive status which furnished the basis for probable cause to arrest and extradite. Having been convicted in Wyoming, petitioner had not served his Wyoming sentence because he was first returned to federal custody. Wyoming sought the return of the petitioner to subject him to its criminal process—the execution of its criminal judgment against him. It is of no moment that Wyoming was aware of or consented to his return to federal custody subsequent to entry of the Wyoming sentence. Once petitioner was moved outside Wyoming State boundaries, he became a fugitive from justice within the meaning of 18 U.S.C. § 3182. Merely because the Leavenworth County sheriff served as an intermediary between the federal penitentiary and Wyoming alters petitioner's fugitive status not in the least. Both the Leavenworth County sheriff and Wyoming were entitled to custody of petitioner. Both acted properly. Petitioner is granted leave to appeal in forma pauperis, a certificate of probable cause is issued and the judgment of the district court is

AFFIRMED.