13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Herman WHITE, Plaintiff-Appellant,
v.
Earl WAID, Defendant-Appellee.
 No. 92-2271.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.[2]
 
 
 2
 Plaintiff-Appellant, James White, appeals from a district court order denying his 28 U.S.C. 2254 petition. He filed the petition in order to challenge his impending extradition from New Mexico to Ohio.
 
 
 3
 White was arrested in Albuquerque, New Mexico on May 25, 1992 after the Albuquerque police learned from the National Crime Information Center that the State of Ohio had issued a warrant for his arrest stemming from alleged sexual assaults and kidnapping in Ohio. The New Mexico district court found that there was probable cause for his arrest on July 24, 1992. White filed a state habeas corpus action in the New Mexico district court, alleging that he was not a fugitive, that the Ohio warrants were not in order, that the Albuquerque police unlawfully arrested him at his home without a warrant or exigent circumstances, that the arresting police officer lacked probable cause, and that he was not brought before a judge within a reasonable time after his arrest. After an evidentiary hearing, the state district judge denied the state habeas corpus petition and found that White had been arrested pursuant to a valid warrant and that he was a fugitive. White filed for and was denied a writ of certiorari in the New Mexico Supreme Court.
 
 
 4
 On November 24, 1992, White filed a 28 U.S.C. 2254 petition with the United States District Court for the District of New Mexico. White claimed that his custody for extradition violated Fourth, Fifth, and Fourteenth Amendment rights, that he was not a fugitive, and that the extradition documents were not in order. On December 4, 1992, the district court denied White's 2254 petition and held that an evidentiary hearing was unnecessary. The district court correctly noted that federal judicial review of extradition matters under 2254 is limited to whether:
 
 
 5
 1) the extradition documents are facially in order, 2) the petitioner demanded is charged with a crime, 3) the petitioner is the person named in the extradition request, and 4) the petitioner demanded is a fugitive from justice.
 
 
 6
 Gee v. Kansas, 912 F.2d 414, 416 (10th Cir.1990). After noting the presumptive validity of the state court's determination that the extradition was valid, the district court held that White failed to show that there were any irregularities in the state extradition proceedings.
 
 
 7
 In this appeal, White claims: 1) that his warrantless arrest violated the Fourth and Fourteenth Amendments; 2) that he was denied the same rights by delays in judicial determination of probable cause after arrest; 3) that the New Mexico statutes are unconstitutionally vague regarding how long a fugitive can be held before warrants are issued by the demanding state; and 4) that the district court erred in holding that there was nothing in his 2254 motions that established a factual issue regarding the propriety of the extradition proceedings. The first three issues are not reviewable by a federal court in a 2254 challenge to custody in an extradition case. Gee, 912 F.2d at 416-17.
 
 
 8
 Further, White presents no persuasive reasons why the extradition orders were improper, and we thus affirm the district court's decision. White does mention in his briefs that he was not a fugitive because there were no charges pending against him when he left Ohio. However, this does not create a factual issue on his fugitive status.
 
 
 9
 A fugitive from justice is a person who is 1) suspected of or has been convicted of committing a crime, 2) sought by the jurisdiction so that the jurisdiction may subject the person to its criminal justice system, and 3) has left the jurisdiction and is found within the boundaries of another.
 
 
 10
 Id. at 418. There is no requirement that the alleged fugitive know that the demanding state is seeking him or her. White is a fugitive because he is suspected of a crime, is sought by Ohio for that crime, and has left Ohio's jurisdiction. Id.
 
 
 11
 We thus AFFIRM the order of the district court denying White's 2254 petition.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We grant White's motion for a certificate of probable cause