UNITED STATES COURT OF APPEALS
**Filed 9/18/96**
TENTH CIRCUIT

---

GARY KETCHER,

    Plaintiff-Appellant,

v.

LARRY A. FIELDS; DAN REYNOLDS;
GEORGE VOINOVICH, Governor, State
of Ohio; REGINALD WILKERSON,
Director, Ohio State Department of
Rehabilitation and Corrections; LEE
FISHER, Attorney General, State of Ohio;
JOSEPH DETERS; NED McWHORTER,
Governor, State of Tennessee;
CHRISTINE BRADLEY, Director,
Tennessee State Department of
Corrections; CHARLES BRUNSON,
Attorney General of the State of
Tennessee; VICTOR JOHNSON, District
Attorney of Davidson County, Tennessee,

    Defendants-Appellees.

No. 95-6393
(D.C. No. CIV-94-585-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Gary Ketcher, an inmate in the custody of the Oklahoma Department of Corrections (ODC), filed this action pursuant to 42 U.S.C. § 1983 asking the district court to enjoin state authorities in Oklahoma, Ohio, and Tennessee from enforcing exit detainers at the conclusion of his Oklahoma sentence. The district court denied plaintiff's request. We affirm.

In 1983, while serving a sentence in Oklahoma, plaintiff escaped from custody and committed crimes in Ohio and Tennessee. He was apprehended in Ohio, where he pled guilty to one count of aggravated burglary, one count of aggravated robbery, one count of felonious assault, and two counts of kidnapping. Plaintiff was sentenced to a minimum of 10 years and a maximum of 25 years on the burglary, robbery, and assault counts, and a minimum of 8 years and a maximum of 15 years on the kidnapping counts, with all sentences to run concurrent with his Oklahoma sentences. Following sentencing, plaintiff was returned to the custody of the ODC.

Following plaintiff's return to Oklahoma, the State of Tennessee sought temporary custody of plaintiff under the Interstate Agreement on Detainers Act for outstanding criminal charges. Although plaintiff requested a governor's hearing, he did not otherwise seek to stop the transfer. His request for a governor's hearing was denied, and plaintiff was eventually transferred to Tennessee in May 1985. In August 1985, plaintiff pled guilty to two counts of armed robbery and one count of larceny of a motor vehicle. He

2

was sentenced by the Tennessee court to 50 years' imprisonment on each of the robbery counts, and 8 years' imprisonment on the larceny count, with all sentences to run consecutive to each other and to plaintiff's Oklahoma sentences. Following sentencing, plaintiff was returned to the custody of the ODC. Subsequently, both Ohio and Tennessee filed exit detainers with Oklahoma for custody of plaintiff at the conclusion of his Oklahoma sentences.

In his complaint, plaintiff alleged the exit detainer filed by Tennessee violated his due process rights. More specifically, he alleged his Tennessee convictions were obtained after he was illegally transferred from Oklahoma to Tennessee. Similarly, plaintiff challenged the exit detainer from Ohio, asserting his transfer "was accomplished outside the purview of any interstate compact or act." Append. at 5. According to plaintiff, "[t]he failure of Ohio to reserve any right to [his] return at the time of his transfer to Oklahoma acted as an implied pardon of the Ohio sentence." Id. Plaintiff sought (1) a restraining order preventing his transfer from the custody of the ODC pending the outcome of his case; (2) an injunction against the Oklahoma, Ohio, and Tennessee defendants to prevent enforcement of the pending exit detainers; and (3) costs and attorney fees.

In response to plaintiff's complaint, the named defendants filed a variety of dispositive motions. In particular, the Ohio and Tennessee defendants filed motions to dismiss, and the Oklahoma defendants filed a motion for summary judgment. Plaintiff responded to these dispositive motions and filed a motion for summary judgment against certain of the defendants. All motions were referred to the magistrate judge, who recommended that defendants' motions be granted and plaintiff's motion be denied. The

3

magistrate concluded from "Plaintiff's allegations along with his prayer for relief," that plaintiff was "attempting to challenge the fact or duration of his confinement by indirectly attacking his Ohio and Tennessee convictions through [the] § 1983 action." Append. at 20. The magistrate concluded a petition for writ of habeas corpus was plaintiff's sole federal remedy. The district court adopted the magistrate's report in its entirety.

On appeal, plaintiff contends the district court erred in granting defendants' dispositive motions. Specifically, plaintiff contends a § 1983 action is the proper vehicle for challenging the pending exit detainers and he is entitled to injunctive relief to prevent enforcement of those detainers.

Having reviewed the entire record, we fully agree with the findings of the district court. Although plaintiff denies that he is contesting the validity of the underlying convictions from Ohio and Tennessee, we conclude otherwise. The basic thrust of plaintiff's complaint is that enforcement of those detainers should be enjoined because they are based upon invalid convictions. As plaintiff asserts, "[t]he basis of [the challenged] detainers are convictions which were obtained in violation of [his] federally protected rights." Plaintiff's br. at 3. Thus, although he is not expressly asking the court to overturn the Ohio and Tennessee convictions, he is nevertheless asking the court to review the validity of those convictions. As indicated by the magistrate judge, a § 1983 action is not the proper vehicle for accomplishing this task. Instead, plaintiff must first exhaust his state court remedies and then, if necessary, pursue relief in federal court by way of a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent that plaintiff is simply challenging the authority of Oklahoma officials to extradite him to Ohio or Tennessee, he must wait until extradition is attempted

4

and then seek a federal writ of habeas corpus in the asylum state (i.e., Oklahoma) prior to his removal. See <u>Gee v. State of Kansas</u>, 912 F.2d 414, 416 (10th Cir. 1990). At that time, the court can determine whether the constitutional and statutory requirements for extradition have been met. <u>Id.</u>

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
