**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMAL BEY,

      Petitioner-Appellant,

v.

BOERNOR KEATING, Governor of
Oklahoma; SHERIFF OF LINCOLN
COUNTY JAIL, State of Oklahoma;
MICHAEL HILL, Sheriff of Sedgwick
County Jail, State of Kansas,

      Respondents-Appellees.

No. 00-3026

(D.C. No. 99-CV-3387-DES)
(D.Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Jamal Bey initiated this pro se action after he was extradited from Oklahoma to Kansas. The district court construed Bey's complaint strictly as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissed it without prejudice. Bey now appeals. With respect to the portion of Bey's complaint seeking federal habeas relief, we grant his request for a certificate of appealability, reverse the district court's order dismissing the claim without prejudice, and remand with directions to the district court to dismiss the claim with prejudice. Because we conclude that Bey's complaint also included a claim for civil rights relief pursuant to 28 U.S.C. § 1983, we reverse and remand that claim to the district court for further proceedings.

According to his complaint, Bey was arrested on October 25, 1999, in Lincoln County, Oklahoma, and placed in the Lincoln County Jail. Bey allegedly attempted to challenge his arrest and/or confinement by filing a state habeas petition in the Oklahoma courts. On November 24, 1999, while Bey's state habeas petition was still pending before the Oklahoma Court of Criminal Appeals, officials at the Lincoln County Jail received a warrant signed by Oklahoma Governor Frank Keating requesting Bey's extradition to the State of Kansas. Bey immediately filed a second state habeas petition challenging the extradition warrant. On November 30, 1999, while his two state habeas proceedings

2

allegedly remained pending, Bey was transferred from the Lincoln County Jail to the Sedgwick County Jail in Wichita, Kansas.

On December 13, 1999, Bey filed this action. Bey alleged he was denied due process of law because he was transferred to Kansas before his Oklahoma habeas petitions had been resolved. Bey requested "immediate release and compensation." ROA, Doc. 1. The district court dismissed the case without prejudice, prior to service on defendants. In doing so, the district court construed the action solely as one for federal habeas relief. The district court concluded that, to the extent Bey was claiming his extradition from Oklahoma to Kansas was unlawful, his request for habeas relief had been mooted by the actual transfer. Further, the district court concluded that to the extent Bey was challenging the jurisdiction of Kansas authorities to detain him on Kansas charges, he had failed to first exhaust available state court remedies.

After receiving the district court's order of dismissal, Bey filed a pleading entitled "Amendment to Writ of Habus (sic) Corpus Petition." ROA, Doc. 5. In that pleading, Bey requested damages from plaintiffs "in the sum of $25,000,000.00." Id. The district court construed Bey's pleading as a motion to alter or amend judgment and denied it. Id., Doc. 6. Bey filed a notice of appeal, again asserting he was entitled to immediate release from confinement and $25,000,000.00 in damages for emotional distress. Id., Doc. 8. The district court

3

declined to issue Bey a certificate of appealability. Id., Doc. 11.

In light of Bey's consistent requests for immediate release from confinement, we agree with the district court that Bey was in part seeking federal habeas relief. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (noting that a habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release). We further agree with the district court that Bey has not exhausted his remedies in the Kansas state courts. However, because we are firmly convinced there is no merit to Bey's federal habeas claim, and because we are remanding the case to the district court for further review of Bey's § 1983 claim, we conclude the appropriate course is to also remand the habeas claim with directions to dismiss it with prejudice. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The gist of Bey's federal habeas claim is that he was extradited before he could pursue all of the procedural avenues available to him under Oklahoma law. Those allegations, even if true, are not sufficient to support a valid claim for federal habeas relief. Once a prisoner facing extradition "has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." Gee v. State, 912 F.2d 414, 416 (10th Cir.

4

1990) (internal quotations omitted); see Remeta v. Singletary, 85 F.3d 513, 518-19 (11th Cir. 1996) (concluding that failure of asylum state to provide petitioner a pre-extradition hearing did not deprive requesting state of jurisdiction to try petitioner for criminal charges); Eckert v. Tansy, 936 F.2d 444, 450 (9th Cir. 1991) (concluding federal habeas corpus relief cannot be granted "on the ground of illegal extradition"); Shack v. Attorney General, 776 F.2d 1170, 1172 (3d Cir. 1985) (concluding that deprivation of right to pre-extradition hearing did not render petitioner's subsequent confinement illegal or prevent state from prosecuting him).

Liberally construing Bey's complaint, we conclude he has also asserted a claim for relief under 42 U.S.C. § 1983. See generally Richards v. Bellmon, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991) ("A single complaint may seek relief partly under 28 U.S.C. § 2254 and partly under § 1983."). In all of the pleadings filed with the district court, Bey consistently requested monetary damages arising out of the defendants' alleged failure to afford him the process due under Oklahoma law. Based upon our past cases, this appears to be a claim cognizable under § 1983. See Long v. Shillinger, 927 F.2d 525, 528 (10th Cir. 1991) (concluding § 1983 plaintiff was only entitled to nominal damages for deprivation of due process that resulted when he was extradited without being allowed to utilize procedures afforded under Wyoming law). Because the district court overlooked

5

this aspect of Bey's complaint, we must reverse and remand the claim to the district court for further consideration.

We GRANT Bey's application for certificate of appealability, REVERSE the district court's order dismissing Bey's federal habeas claim without prejudice, and REMAND the federal habeas claim to the district court with instructions to dismiss it with prejudice. To the extent Bey is seeking to vindicate violations of his federal civil rights pursuant to 42 U.S.C. § 1983, we REVERSE and REMAND for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge