**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES BENJAMIN WHITE,

Petitioner - Appellant,

v.

BOULDER COUNTY, CO;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 02-1130
(D.C. No. 01-Z-2377)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

James B. White, a pro se state prisoner, brought this petition under 28

U.S.C. § 2254 raising three grounds for relief. He asserts the Colorado district

court was without jurisdiction to revoke his deferred sentence, that he was

illegally extradited from Utah to Colorado, and that the evidence underlying his

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction was the result of an unlawful arrest. The district court observed that Mr. White's petition indicated he had separate proceedings on each of the first two claims still pending in the state courts. Accordingly the court dismissed those claims without prejudice for failure to exhaust. The court abstained from exercising jurisdiction over the third claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971), which prohibits federal courts from interfering with ongoing state criminal proceedings absent extraordinary circumstances the court found Mr. White had not shown.

Mr. White thereafter filed a motion for reconsideration, which the court construed as one pursuant to Fed. R. Civ. P. 59(e), alleging that he had exhausted his claim challenging his extradition. The court denied the motion, holding that when, as here, a prisoner has been returned to the demanding state, he may no longer seek habeas relief challenging his confinement on grounds arising in the asylum state. The court denied Mr. White's request to proceed on appeal in forma pauperis and denied his application for a certificate of appealability.

Mr. White appeals, raising only the district court's disposition of his extradition claim. He contends he was illegally extradited from Utah to Colorado because he was not allowed court appearances in Utah before being extradited. Mr. White filed a supplemental pleading with this court asserting that he has exhausted his state court remedies. As best we can tell from the original case

number shown on the attached Colorado Supreme Court order denying the petition for writ of mandamus, it concerns Mr. White's challenge to his extradition.[1]  We therefore address Mr. White's extradition claim.

> Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus.  Yet "once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state."

*Gee v. State of Kansas*, 912 F.2d 414, 416 (10th Cir. 1990) (citations omitted) (quoting *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)).  In this case, Mr. White claims he was extradited before he could challenge the extradition procedures of the asylum state, a claim which he may no longer pursue via a request for federal habeas relief.  *See id.; see also Remeta v. Singletary*, 85 F.3d 513, 518-19 (11th Cir. 1996) (failure of asylum state to provide petitioner pre-extradition hearing did not deprive demanding state of jurisdiction to try petitioner on criminal charges); *Eckert v. Tansy*, 936 F.2d 444, 450 (9th Cir. 1991) (federal habeas relief cannot be granted "on the ground of illegal extradition"); *Shack v. Attorney General*, 776 F.2d 1170, 1172 (3d Cir. 1985) (deprivation of right to pre-extradition hearing did not render petitioner's subsequent confinement illegal or

---

[1] It thus appears that Mr. White's challenge to his guilty plea is still pending in state court.

prevent state from prosecuting him).  Accordingly, Mr. White's claim for federal habeas relief on this issue is plainly without merit.

To be entitled to a COA, a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that requires a showing that the matter was debatable among reasonable jurists or that the issue presented required further proceedings.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  As discussed above, Mr. White has not made such a showing.  We therefore deny his request for a COA and his motion to proceed in forma pauperis, and dismiss his appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge