**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIE CORNELIUS FRANKLIN,
suing as: Willie C. Franklin,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA;
MARVIN MORRISON, Warden,

    Respondents-Appellees.

No. 02-5129
(D.C. No. 02-CV-477-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**

---

Before **TACHA** , Chief Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Willie Cornelius Franklin, a federal inmate housed in a correctional facility in Arkansas, appeals the district court's decision denying his habeas petition under 28 U.S.C. § 2241. The petition challenges the manner in which state and federal authorities have executed his federal sentence for drug trafficking. We review the district court's decision *de novo*. *See, e.g., Weekes v. Fleming*, 301 F.3d 1175, 1176-77 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 950 (2003). Because a § 2241 petition challenges the execution, rather than the validity, of a sentence, however, Franklin had to file his § 2241 petition in the district in which he is confined. *See, e.g., Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The Oklahoma district court therefore did not have jurisdiction to decide Franklin's § 2241 petition. *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam).

Such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (internal quotation marks omitted). "Nonetheless, . . . a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Id.* (internal quotation marks omitted). "[O]ur quick

-2-

look at the merits" of Franklin's § 2241 claim "convinces us" that it lacks merit. *Id.*

In 1998, while Franklin was in Oklahoma custody on state charges, the United States indicted him on federal drug trafficking charges. Franklin appeared in federal court on those drug charges pursuant to a writ of habeas corpus ad prosequendum. After he pleaded guilty to one drug trafficking count, the federal court sentenced Franklin to 120 months' imprisonment. Federal authorities then returned Franklin to state custody, where he pleaded guilty to a state assault and battery charge. The state court sentenced Franklin to ten years' imprisonment on that conviction, and specified that the state sentence would run concurrently with the federal sentence. Nonetheless, Franklin remained in state custody until he completed serving that state sentence. Only then did Oklahoma officials transfer him to federal custody. In his § 2241 petition Franklin now challenges the refusal to credit against his federal sentence the time he served in state prison on his state sentence.

"The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes*, 301 F.3d at 1180. Further, the sovereign having custody determines whether to retain or surrender that custody. *See, e.g., Gee v. Kansas*, 912 F.2d 414, 417 (10th Cir. 1990). Although Franklin did appear in federal court pursuant

to a writ of habeas corpus ad prosequendum on the federal drug charges, Oklahoma still retained primary custody of him. *See, e.g., Weekes*, 301 F.3d at 1180. Franklin's federal sentence never began until he was finally received into federal custody to serve his federal drug trafficking sentence, after completing his state sentence. *See* 18 U.S.C. § 3585(a); *Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957). He is not entitled to credit against his federal sentence for time spent in state prison prior to the commencement of his federal sentence. *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991).

Because Franklin's claim lacks merit, we decline to transfer his case. Nor do we need to address whether Franklin was entitled to a sentencing hearing transcript to assist him in pursuing his § 2241 claim.

Because the district court did not have jurisdiction to consider Franklin's § 2241 petition, we VACATE the judgment of the United States District Court for the Northern District of Oklahoma, and REMAND this cause to that court with directions to dismiss Franklin's § 2241 petition without prejudice to his reasserting it in the proper forum.

Entered for the Court

Harris L Hartz
Circuit Judge