

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2005

# Mitchell v. Obenski

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3730

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mitchell v. Obenski" (2005). *2005 Decisions*. Paper 1017.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1017

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 04-3730

——————


GREGORY MITCHELL

v.

EDWARD OBENSKI; MATTHEW GALE,
Individually and in their official capacities as Police Officers of the
Uwchlan Township Police Department,

Appellants


——————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-03717
(Honorable Charles R. Weiner)

——————

Argued May 27, 2005

Before:  SCIRICA, *Chief Judge*, ALITO and GARTH, *Circuit Judges*

(Filed: June 14, 2005)


DAVID P. KARAMESSINIS, ESQUIRE (ARGUED)
William J. Devlin, Jr. & Associates
1500 Market Street
Suite 2920, West Tower
Philadelphia, Pennsylvania 19102
        Attorney for Appellants

MILTON S. SAVAGE, JR., ESQUIRE (ARGUED)
1616 Walnut Street, Suite 1910
Philadelphia, Pennsylvania 19103
      Attorney for Appellee

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

In this civil rights action, defendant police officers appeal from the denial of summary judgment on the grounds of qualified immunity. We will reverse.

## I. Background

Appellee/Plaintiff Gregory Mitchell alleges that appellants/defendants Matthew Gale and Warren Obenski, officers in the Uwchlan Township Police Department, violated his rights under the Fourth and Fourteenth Amendments when they arrested him for the alleged assault, false imprisonment, and harassment of co-worker Rhonda Morris.

Mitchell and Morris both worked for U.S. Airways, and they had previously dated for a disputed period of time. Morris contends Mitchell lured her to his hotel room in Exton, Pennsylvania, where he attempted to sexually assault her and repeatedly blocked her escape. During this encounter, Morris learned that Mitchell had gained access to her e-mail account, and following the incident, Morris alleges that Mitchell continued to harass her by telephone, pager, and e-mail. Mitchell, on the other hand, contends Morris spent the night at the hotel without incident, and he denies any subsequent harassment.

2

Nearly a month later, Morris reported the alleged assault to Officer Obenski. Based on a written statement provided by Morris, an interview with Morris, and his review of the hotel register and phone records, Obenski prepared a criminal complaint and an affidavit of probable cause, which were signed by a District Justice. A non-attorney employee at the District Attorney's office advised Obenski that because Mitchell lived in Maryland, the best way to arrest him would be to prepare an affidavit of due diligence in support of a fugitive warrant. On this affidavit, Obenski did not indicate any prior attempts to arrest Mitchell, as none were made. Instead, he indicated that Mitchell would flee if notified of the charges, a conclusion he reached from his interview with Morris. This affidavit and the arrest warrant were approved and signed by a District Justice.

Gale's involvement began when Obenski suffered a motorcycle accident, soon after the preparation of the warrant. Gale followed instructions to pick up the signed warrant and see that it was executed. Mitchell was subsequently arrested in Maryland and transported back to Pennsylvania. Between awaiting extradition from Maryland to Pennsylvania and before posting bail, Mitchell spent nearly two weeks in jail. The prosecutor eventually reduced the charges against Mitchell from misdemeanors to summary offenses, and he was found not guilty.

Mitchell brought suit against Obenski and Gale[1] under 42 U.S.C. §§ 1981, 1983, and 1985,[2] alleging a lack of probable cause and the improper obtaining of a fugitive warrant. On the basis of qualified immunity, appellants moved for summary judgment, which the District Court denied in a one-line order. Appellants have filed an immediate appeal of that order.

## II. Jurisdiction and Standard of Review

We have jurisdiction under the "collateral order" doctrine of 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291"). An order denying summary judgment is immediately appealable where the defendant is a public official asserting a claim of qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 311 (1995); *see also Schieber v. City of Philadelphia*, 320 F.3d 409, 415 (3d Cir. 2003).

---

[1]Mitchell also brought claims against Morris, which were severed from this suit.

[2]The briefs to this Court as well as to the District Court focus almost exclusively on Mitchell's § 1983 claims. Appellants' brief notes that Mitchell failed to address the §§ 1981 and 1985 claims in his opposition to the motion for summary judgment. While appellants contend this failure to oppose the motion on these grounds effectively dismisses the claims, we do not need to address this question. Since these claims arise from the same set of events as the § 1983 claim, a finding of qualified immunity immunizes the officers against all three.

4

Although the District Court summarily dismissed appellants' summary judgement motion in a one-line order,[3] the motion was predicated on a defense of qualified immunity. Our review of the record reveals that the facts underlying the officers' actions are not in dispute. Therefore we exercise plenary review to determine whether, in light of these facts, appellants are entitled to qualified immunity as a matter of law. *Schieber,* 320 F.3d at 415 (3d Cir. 2003).

### III. Analysis

In *Saucier v. Katz*, the Supreme Court held that, for qualified immunity claims, a court must first determine whether there is a constitutional right that would have been violated assuming the facts alleged. Second, it must determine whether this right was clearly established such that the defendant was on notice that his actions constituted a violation. 533 U.S. 194, 200 (2001); *see also Forbes*, 313 F.3d at 148 (3d Cir. 2002); *Bennett v. Murphy*, 274 F.3d 133, 136-37 (3d Cir. 2001). Whether a right is clearly established and whether an officer acted reasonably are questions of law. *Bartholomew v. Pennsylvania*, 221 F.3d 425, 428 (3d Cir. 2000).

---

[3]We reiterate the supervisory rule issued in *Forbes v. Township of Lower Merion*, requiring that "future dispositions of a motion in which a party pleads qualified immunity include, at minimum, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." 313 F.3d 144, 149 (3d Cir. 2002).

A. Probable Cause for Mitchell's Arrest

There is a Fourth Amendment right to be free from arrest without probable cause, and this right is clearly established. *See, e.g., Groh v. Ramirez,* 540 U.S. 551, 563-64 (2004); *Saucier,* 533 U.S. at 207-08 (2001). The only question, therefore, is whether a reasonable officer would have believed there was probable cause to arrest Mitchell.

"The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (citation omitted); *see also Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir. 1997). More specifically, an officer's affidavit supporting a search warrant is presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). This presumption also applies to arrest warrants. *See, e.g., Wilson v. Russo,* 212 F.3d 781, 786 (3d Cir. 2000). We apply the standard of objective reasonableness set forth in *United States v. Leon*, which held that "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination. . . . [O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law." 468 U.S. 897, 921 (1984) (citation omitted).

In this case, Obenski's affidavit of probable cause was based on his reliance on Morris' statements and the hotel records. We have held that it is reasonable for officers to assess a complainant's "demeanor, find her story credible, and rely on her subsequent identification of . . . the attacker. When a police officer has received a reliable

6

identification by a victim of his or her attacker, the police have probable cause to arrest." *Sharrar*, 128 F.3d. at 818 (3d Cir. 1997). Obenski might have taken further steps, such as interviewing Mitchell before arresting him, or he might have approached Morris's account with more skepticism. But the mere fact that a police investigation could have been more thorough does not vitiate probable cause. Morris presented Obenski with a credible, consistent account of sexual assault that was supported in part by hotel records. Furthermore, the fact that a District Justice signed the warrant entitles Obenski to a presumption of reasonableness that can only be overcome by "allegations of deliberate falsehood or of reckless disregard for the truth," which must be accompanied by specific proof. *Franks*, 438 U.S. at 171 (1978). "Only where the warrant application is 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable[]' will the officer lose the shield of immunity." *Orsatti v. N.J. State Police,* 71 F.3d 480, 483 (3d Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Mitchell does not offer any proof of deliberate falsehood by Obenski, and Obenski's actions surpass the *Orsatti* standard.

For these reasons, we hold that a reasonable officer in Obenski's position would have believed that probable cause to arrest Mitchell existed, and at the very least, that it would not have been clear to a reasonable officer that probable cause was lacking. As such, Obenski is entitled to qualified immunity for his actions.

B.  Designation of Mitchell as a Fugitive

Mitchell also contends Obenski improperly designated him a fugitive.  Even if we assume, *arguendo*, that designation as a fugitive implicates a clearly established constitutional right, Mitchell's contention still fails.  Mitchell argues he was not a fugitive because he did not leave Pennsylvania to evade the law.  But appellants are correct that "fugitive" status does not turn on the subjective intentions of the accused.  The Supreme Court held nearly a century ago that "all that is necessary to convert a criminal . . . into a fugitive from justice is that he should have left the State after having incurred guilt there."  *Strassheim v. Daily*, 221 U.S. 280, 285 (1911); *see also Gee v. Kansas*, 912 F.2d 414, 418 (10th Cir. 1990) ("A fugitive from justice is a person who is 1) suspected of or has been convicted of committing a crime, 2) sought by the jurisdiction so that the jurisdiction may subject the person to its criminal justice system, and 3) has left the jurisdiction and is found within the boundaries of another.") (citations omitted); *Moncrief v. Anderson*, 342 F.2d 902, 904 (D.C. Cir. 1964) ("Fugitivity means presence in the demanding state when the crime was allegedly committed.").  After Mitchell had allegedly violated the law in Pennsylvania, he left the state.  Therefore, it was not unreasonable for Obenski to designate Mitchell as a fugitive for the purposes of arrest.

The case law also supports appellants' argument that the designation of Mitchell as a fugitive did not implicate any separate, clearly established constitutional right.  Some

8

courts of appeals have outright rejected alleged constitutional violations in the context of the arrest and extradition of fugitives. *See, e.g., Barton v. Norrod*, 106 F.3d 1289, 1299 (6th Cir. 1997) (holding that there is no protected individual right to compliance with formal extradition procedures, and that "even if such a right did exist, it certainly was not a clearly established right at the time of [the] arrest."); *Ortega v. City of Kansas City,* 875 F.2d 1497, 1499 (10th Cir. 1989) ("a criminal suspect has no pre-arrest extradition rights, the violation of which give rise to a cause of action under 42 U.S.C. § 1983."). Mitchell provides no legal support for the existence of a right not to be designated as a fugitive, and at the very least, such a right was not clearly established.

Mitchell also contends that Obenski's affidavit of due diligence in support of the fugitive warrant was false. But he provides no evidence of any misrepresentation. Obenski simply noted on the affidavit that it was his belief, based on his discussion with Morris, that Mitchell might attempt to flee if notified of the charges, and that he had been advised by the District Attorney's office to request such a warrant. The District Justice's approval of the warrant lends further support to the reasonableness of Obenski's course of action.

For these reasons, Obenski is entitled to qualified immunity for his actions in obtaining the fugitive warrant.

C.  Officer Gale's Involvement

The Supreme Court has held that liability under 42 U.S.C. § 1983 is individual and requires evidence of personal involvement in a constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976) (rejecting *respondeat superior* liability under § 1983); *see also Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 2005 U.S. App. LEXIS 6067, at *10 (3d Cir. Apr. 11, 2005) (rejecting the § 1983 claims of prisoners against supervisory prison officials for the conduct of certain prison guards); *Bieregu v. Reno*, 59 F.3d 1445, 1448 n.1 (3d Cir. 1995) ("to be liable for a constitutional violation a defendant must have some causal connection to the wrongdoing").

The wrongdoing Mitchell asserts is a failure to show probable cause to support an arrest warrant and the improper designation of Mitchell as a fugitive – he makes no claims about the actual execution of the warrant.  But Gale played no part in obtaining the warrant.  Even if we assume, *arguendo*, that there were actionable defects in the manner in which Obenski obtained the warrant, Gale is not liable for executing a warrant prepared by another officer and signed by a judge.

Given both the individual nature of § 1983 liability and the reasonableness of Gale's actions, he is entitled to qualified immunity.

10

## IV. Conclusion

For the foregoing reasons, we will reverse the decision of the District Court, and we will remand the matter with instructions to grant appellants' motion for summary judgment.